RICHMOND & D. R. Co. *v.* McGEE *et al.*

*(Circuit Court of Appeals, Fourth Circuit. May 26, 1892.)*

No. 2.

1. BILL OF EXCEPTIONS—SIGNED AFTER TERM.

No bill of exceptions was presented to the trial judge for signature and signed by him during the term at which the trial was had and judgment rendered, nor within any extension of time for that purpose, either by order or by consent of counsel, but a paper was filed entitled a "Bill of Exceptions." *Held,* that a certificate of the trial judge that "all of the exceptions set out in the assignment of errors, called the 'Bill of Exceptions,'" were duly taken at the trial and noted by him on the minutes, and reduced to writing as the assignment of errors, and allowed by him, was unavailing.

2. FEDERAL COURTS—STATE PRACTICE—REVIEW BY CIRCUIT COURT OF APPEALS.

The practice and rules of the state courts do not apply to proceedings taken in the circuit courts of the United States for the purpose of review in the circuit court of appeals.

In Error to the Circuit Court of the United States for the District of South Carolina.

Action by J. L. McGee and W. R. Dillingham against the Richmond & Danville Railroad Company to recover for the loss of live stock through defendant's negligence as a common carrier. Judgment for plaintiffs. Defendant brings error. Affirmed.

*J. S. Cothran* and *G. G. Wells,* for plaintiff in error.

*Geo. E. Prince,* for defendants in error.

Before FULLER, Circuit Justice, and BOND and GOFF, Circuit Judges.

FULLER, Circuit Justice. This case was tried to a jury at the August term, 1891, of the circuit court of the United States for the district of South Carolina, at Greenville, and a verdict returned in favor of plaintiffs below, defendants in error here, August 7, 1891. August 8th a motion for new trial was made, which was denied August 15th, and on August 20th notice of an appeal was given, an appeal allowed, and the amount of *supersedeas* bond was fixed. The bond was approved September 12, 1891. September 17, 1891, judgment and execution were filed. The case being at law, and not open to appeal, a writ of error was taken out October 10, 1891, with citation, and on the same day there was filed a paper, bearing that date, entitled "Bill of Exceptions," signed by counsel for defendant below. The certificate of the clerk to the transcript is to the effect that "the foregoing is a true and correct copy of the records, proceedings, and of the verdict in the case of *McGee & Dillingham, Plaintiffs,* against the *Richmond & Danville Railroad Company, Defendant,* rendered as aforesaid, together with all the proceedings had in the cause relating to the same." No bill of exceptions, signed by the trial judge, appears in the record. The August term expired during that month, and no order was entered extending the time within which such bill might be prepared and filed, nor was there any consent of counsel giving further time for that purpose. When the case came on for argument in this court, February 3, 1892, the attention of counsel was called to the fact that there was no bill of exceptions, and argument was sus

pended and the case passed. A certificate of the trial judge, dated February 20th, has now been produced, stating that—

"All of the exceptions set out in the assignment of errors, called the 'Bill of Exceptions' in the above-entitled cause, and part of the record, were duly taken on the trial, and were noted by me in the progress of the case, and signed on my minutes. After the trial these exceptions were duly reduced in form to writing, as the assignment of errors, and submitted to me. I allowed the same, but did not sign them, because they were really the assignment of errors. They correspond, however, with the exceptions taken and noted at the trial."

Some correspondence has also been laid before us, which, if treated as properly examinable, does not change the facts.

From the foregoing statement it will be seen that no bill of exceptions was presented to the trial judge for signature, and signed by him during the term at which the trial was had and judgment rendered, nor within any extension of time for that purpose granted by him and entered of record, or consented to by counsel. This being so, the certificate of February 20th is entirely unavailing, even if in itself sufficient if executed in due time. The case comes clearly within *Muller* v. *Ehlers*, 91 U. S. 219. See, also, *Jones* v. *Grover & Baker S. M. Co.*, 131 U. S. Appendix, cl.; *U. S.* v. *Carey*, 110 U. S. 51, 3 Sup. Ct. Rep. 424; *Express Co.* v. *Malin*, 132 U. S. 531, 10 Sup. Ct. Rep. 166; *Glaspell* v. *Railroad Co.*, 144 U. S. 211, 12 Sup. Ct. Rep. 593. In *Davis* v. *Patrick*, 122 U. S. 138, 7 Sup. Ct. Rep. 1102, the delay was attributable to the judge after the party excepting had done all that he could to procure the settlement of and signature to the bill, while here no bill of exceptions was ever presented, nor was the paper relied on as such tendered to the judge until after the time within which he could act had expired. We may observe, further, that the practice and rules of state courts do not apply to proceedings taken in the circuit courts of the United States for the purpose of reviewing in this court the judgments of such circuit courts. *Chateaugay Ore & Iron Co., Petitioner*, 128 U. S. 544, 9 Sup. Ct. Rep. 150. The true rule upon this subject is laid down in *Muller* v. *Ehlers*, and is expressed, in substance, in rule 36 of the rules of the United States circuit court for the district of South Carolina, which provides for the taking of exceptions on the trial, though the bill of exceptions may be drawn up and settled afterwards; but only "within such times and under such rules as the court, in its discretion, may prescribe at the time." As the errors relied on are only such as could arise on a bill of exceptions, the judgment of the circuit court must be affirmed; and it is so ordered.