### POST v. WISE TP., EDGEFIELD COUNTY, S. C.

(Circuit Court, D. South Carolina. April 28, 1900.)

1. TRIAL—CORRECTION OF VERDICT.
    The only method of obtaining the correction or modification of a verdict for an error in law, where no exception was taken at the time of its return, is by motion to set it aside or for a new trial, which, under rule 30 of the circuit court for South Carolina, must be made within two days after the verdict is rendered, unless the time is extended by the court.

2. PLEADING—AMENDMENT AFTER VERDICT.
    Under Code Civ. Proc. S. C. § 194, adopted as a rule of the circuit court in that state, which authorizes the court, before or after judgment, in furtherance of justice, to amend any pleading, where a verdict in an action on municipal bonds includes installments of principal and interest maturing after the commencement of the action, and for which judgment was not asked in the complaint, and the time for correction of such verdict has passed, the court will direct the amendment of the complaint to conform to the verdict.

At Law. On motion for amendment of verdict.

Mitchell & Smith, for plaintiff.

G. W. Croft & Son, for defendant.

SIMONTON, Circuit Judge. This case comes up on a motion to amend a verdict taken at the April term of this court, at Charleston. The complaint set out that plaintiff was owner and holder of certain coupon bonds issued by Wise township, in the county of Edgefield, S. C. The bonds are set out by their numbers, and each bond provided that it should be paid in annual installments of 20 per cent. each of the face of the bond. The complaint also set out that plaintiff was owner and holder of certain coupons on said bonds, which were particularly described, as to dates, amounts, and when due. The summons and complaint were filed 13th September, 1898, and the installments on the bonds and the past-due coupons set out in the complaint were those installments and coupons past due and payable at the date of 13th September, 1898. On the first day of the term the cause, being at issue, was fixed for trial on a day certain thereafter. It was called for trial, the counsel for defendant not being present. It was shown to the court that defendants had had 20 days' notice of the trial, and the day fixed for it. It appears that a case of precisely the same character had been heard in this court at a preceding term (Post v. Township of Pickens), and that all the defenses applicable to this case had

been made and argued in that, with the result of a verdict for plaintiff. The counsel for defendant assumed that a similar verdict would be taken in this case, and that further discussion would not avail defendant. At the trial the plaintiff took a verdict, not only for the installments on the bonds and the coupons which had matured at the commencement of the suit, but also for all the installments and coupons which matured up to the date of the trial. The motion now made is to eliminate these from this verdict, and to reduce it pro tanto. The formal judgment has not been entered. This is resisted by plaintiff, who insists upon the legality and propriety of his verdict. The term of this court at which this verdict was taken began on the first Tuesday in April, and terminated on the third Monday in April, after the date of the verdict. The next term of the court (that at Greenville) began on the third Tuesday in April. So this motion is made after the term adjourned. It will be noticed also that this motion is not to correct any clerical error, mere irregularity, or mistake in entries (Bank v. Moss, 6 How. 31, 12 L. Ed. 331), but to set aside the verdict as erroneous in law. No exception having been taken at the trial, and before the jury retired from the bar, no writ of error or bills of exception would lie, and an order directing a bill of exceptions to be filed as of the date of the trial would be a nullity. Muller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Railroad Co. v. McGee, 8 U. S. App. 86, 2 C. C. A. 81, 50 Fed. 906. The only way of reaching it is by motion for a new trial or to set aside a verdict. But by the thirtieth rule of this court no party shall be entitled to move to set aside a verdict or in arrest of judgment unless notice, with grounds thereof, shall be filed with the clerk and served on the opposite party within two days after the rendition of the judgment complained of, unless the time be enlarged by the court. This is peremptory, and the application to the court must be within the two days. It is clear, therefore, that, under the rules governing this court, it is powerless to relieve the defendant. Had the court been aided by the presence of the counsel for defendant at the trial, the cause of complaint would possibly not have arisen. It goes without saying that a party plaintiff cannot expect to get at the hands of the court more than he has asked. It is true that the bonds, each, are payable in installments, and under such circumstances he could have obtained judgment on all installments falling due up to the day of the verdict. But, to accomplish this, he must so ask in his pleadings. This has not been done. 11 Enc. Pl. & Prac. p. 841. As the pleadings now stand, the defendant is at a great disadvantage. A verdict has been had against it, not only on installments past due 13th September, 1898, on the bonds and the coupons past due at that date, but also on installments and coupons maturing up to April, 1900. As the complaint does not count on these maturing installments and coupons, the judgment could not be used in a plea of res judicata. There is, however, this consideration: The suit was on the bonds, and the attached coupons. The defense went to the whole of each bond and each coupon. All were alleged to be invalid,—as well those matured as those maturing and to mature. The plaintiff held and

owned each bond and each coupon. Had the complaint set out the maturing installments and the maturing coupons, no change whatever would have been made in the defense. The only difficulty is as to the res judicata. The Code of Civil Procedure of South Carolina, adopted as a rule of practice and proceeding in this circuit court (rule 10), declares at section 194:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Under this provision an amendment can be made which will effectually protect the defendant. Let the complaint be so amended as to set out the installments of the bonds maturing between 13th September, 1898, and April 7, 1900, and also all the coupons maturing between those dates, and let the prayer for relief correspond therewith; the costs of this amendment and of this particular motion to be paid by plaintiff.