WALKER *v.* CITY OF DETROIT.

TAX SALE—PUBLICATION OF NOTICE—HOLIDAYS.

Under charter of Detroit, 1893, § 170, providing that the tax roll shall be delivered July 1st, and that "forthwith" six days' notice by publication in the official daily paper shall be given, which shall be a demand for payment, a publication on each of the first seven days of the month, except July 4th, is sufficient.

Appeal from Wayne; Rohnert, J. Submitted October 7, 1904. (Docket No. 42.) Decided December 22, 1904.

Bill by Bryant Walker, trustee, against the city of Detroit and another to cancel certain tax sales. From the decree rendered, complainant appeals. Affirmed.

*Walker & Spalding,* for complainant.

*Timothy E. Tarsney (John W. McGrath,* of counsel), for defendants.

MONTGOMERY, J. The complainant filed a bill and supplemental bill to cancel sales for city taxes of the years 1892, 1893, 1895, 1896, and 1898 to 1901, inclusive, and the tax of 1892 as well; also to cancel a special paving assessment made in 1889. The grounds are that the paving assessment was cut off by complainant's having acquired title on sales for State and county taxes of 1890 and 1892; also that there is no certificate attached to the paving assessment roll showing that it was prepared and the property assessed in accordance with charter and ordinance provisions, and that the State and county title of 1892 cuts off the city tax for the same year; defective publication of the July notice constituting the legal demand by the receiver of taxes for the payment of taxes—applying to the taxes of all years but 1893; defective publication of the

January notice of the augmented taxes—applying to the taxes of the years 1893, 1895, and 1900.

The decree canceled the taxes of 1892 and 1899 upon condition of the payment of the face of the original tax, canceled the taxes of 1895 and 1900 on condition of the payment of the face of the original tax plus 6 per cent., and dismissed the bill as to all other taxes and the paving assessment.

The complainant acquired title to the property in January, 1896, by quitclaim deed given in lieu of foreclosure. He holds this title in trust for Susan A. Lowe, who, in March, 1893, took a mortgage upon the property. In October, 1896, the complainant got by mesne conveyance title for the State and county taxes of 1890, and in December, 1902, a title for the State and county taxes of 1892. These titles he likewise holds for Mrs. Lowe. It was not disputed that the State and county tax title would ordinarily cut off the title under the previous paving assessment sale, but it was claimed by the defendant and held by the court that, as the complainant holds these titles in trust for the mortgagee, and as the time for redemption on the tax sale for 1890 did not expire until after the taking of the mortgage, and the time of redemption on the tax sale for 1892 did not expire until after the complainant himself took title to the property, neither can be set up against the paving assessment title. Complainant appealed from the decree.

Obviously, the complainant must, in order to obtain the full relief prayed, be able not only to establish that the sale for taxes of 1892 and the paving taxes were cut off by the sale of the land for State and county taxes for the years 1890 and 1892, but also to show that the tax titles which he holds for these years have not been in turn substantially cut off by the sale of the land to the city for taxes of subsequent years.

The complainant's bill proceeds upon the theory that the sales to the city were rendered invalid by defective notices. If they were in fact valid, it would seem that the com-

plaintant was granted greater relief in the court below than he was entitled to.  We do not understand that either under the theory of the bill or in fact or law the complainant has an absolute right to be invested with the title which the city holds under its purchase, and at the same time to ask that the unpaid taxes on these lands for previous years be declared invalid.

Under the charter two notices are required to be published by the receiver of taxes—the July and January notices, so called.  The January notice was admittedly sufficient except as to the sales for taxes of 1893, 1895, and 1900.  The objection to the July notice is more general, and applies to all the years except 1893, and a similar criticism is made as to the publication in each year.

The charter of Detroit of 1893 (section 170) provides that the rolls shall be delivered to the receiver of taxes July 1st, and "the receiver of taxes shall forthwith, upon the reception of said tax rolls, give six days' notice by publication in the official daily paper published in said city, and by posting the same in at least six public places in each ward, which notice shall be a sufficient demand for the payment of all taxes on said rolls."

The question presented is whether a publication beginning on July 1st and continued for six days, but omitted on the 4th, is sufficient; in other words, whether a publication for six days out of the first seven of the month answers the requirements of this statute.  We think it does. The term "forthwith" does not in all cases mean "instanter," but may and often does have a relative meaning, and may mean "all reasonable celerity," or "all reasonable dispatch," "with reasonable and proper diligence." 13 Am. & Eng. Enc. Law (2d. Ed.), p. 1157 et seq. And what is a reasonable time depends on the circumstances of each case.  *Anderson* v. *Goff*, 72 Cal. 73. We do not think that the decision to omit the publication on a legal holiday ought to be regarded as such a delay as to avoid this notice.  It is to be noted that the statute does not in terms provide that the six publications shall be on

consecutive days. And while, in ordinary practice, the publications would naturally occur on successive days, yet, if they do in any case occur so promptly that they may be said to have taken place with all reasonable promptness, this is sufficient. It follows that the complainant has no reason to complain of the decree below.

The decree is affirmed, with costs.

The other Justices concurred.