MOUND COAL CO. v. JEFFREY MFG. CO.

(Circuit Court of Appeals, Fourth Circuit. May 15, 1916.)

No. 1369.

1. APPEAL AND ERROR ☞544(1)—ASSIGNMENTS OF ERROR—BILL OF EXCEPTIONS.

In detinue, assignments of error relating to rulings as to ownership cannot be reviewed, where not based upon a bill of exceptions, as required by the court rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2412; Dec. Dig. ☞544(1).]

2. APPEAL AND ERROR ☞194(6)—ASSIGNMENTS OF ERROR—NECESSITY.

Though defendant pleaded over after the overruling of its demurrer to the declaration, went to trial, and failed to renew the demurrer, and ask for verdict under all the evidence at the close of the case, the sufficiency of the declaration to state a cause of action may be reviewed as an unassigned error appearing on the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1245; Dec. Dig. ☞194(6); Pleading, Cent. Dig. §§ 1375–1394, 1397–1407.]

3. DETINUE ☞17—ACTIONS—DECLARATION.

Declaration in detinue, averring that a purchaser of machinery, having paid to plaintiff the cash payment provided in the agreement of sale, and not having made any further payment, and having no right to possession, with intent to defraud plaintiff, delivered possession to defendant, which, participating in the fraudulent purpose, refused to surrender the machinery on plaintiff's request, and that defendant did wrongfully and unjustly detain it from plaintiff, to its damage, sufficiently charges an unlawful detainer and plaintiff's right to possession.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. §§ 26–33; Dec. Dig. ☞17.]

4. DETINUE ☞17—DECLARATION—SUFFICIENCY.

In such case the declaration is sufficient to negative any right of defendant to possession of the machinery between the time of delivery to the purchaser and the time demand was made upon it for surrender.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. §§ 26–33; Dec. Dig. ☞17.]

5. APPEAL AND ERROR ☞248, 544(1)—REVIEW—EXCEPTIONS.

An exception, and a bill of exceptions based thereon, containing evidence in narrative form, duly submitted to the trial court before expiration of the term, are necessary to secure review of rulings of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1432, 1468, 2412; Dec. Dig. ☞248, 544(1).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. APPEAL AND ERROR ⬤⇒657(1)—BILL OF EXCEPTIONS—NECESSITY.

    A bill of exceptions is unavailing, unless based on an exception to the record; and where there was none a writ of error will not be remanded, to compel the trial court to settle and include therein a condensed statement in narrative form of the evidence.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2830, 2831; Dec. Dig. ⬤⇒657(1).]

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

Detinue by the Jeffrey Manufacturing Company against the Mound Coal Company. There was a judgment for plaintiff (215 Fed. 222), and defendant brings error. Affirmed.

Hubbard & Hubbard, of Wheeling, W. Va., for plaintiff in error.

W. Wilson Carlile, of Columbus, Ohio (J. Coleman Simpson, of Moundsville, W. Va., and J. B. Sommerville, of Wheeling, W. Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This is an action in detinue, in which the defendant in error, the Jeffrey Manufacturing Company, claims title and the right to possession of certain machinery sold to the Mound City Coal Company, a copartnership, under three conditional sale contracts dated May 17, 1911. The plaintiff in error will hereafter be referred to as defendant, and the defendant in error as plaintiff; such being the respective positions occupied by the parties in the court below.

This machinery was shipped under the conditional sale contracts mentioned to the Mound City Coal Company, at Moundsville, W. Va., in the latter part of June, 1911, and the contracts were duly recorded on the 19th day of August, 1911, in the office of the clerk of the court for the county of Marshall, to which county the property was delivered. Title to the property mentioned in the contracts was reserved in the vendor until full and final payment of the purchase money. No part of the purchase money was ever paid to the vendor. The defendant was the owner of the mining property upon which the machinery was delivered. It had leased the property to one L. G. Orr before the execution of the contracts referred to. Orr was a member of the copartnership known as the Mound City Coal Company, the purchaser; but the lease was a personal lease to Orr, and the Mound City Coal Company was not a party to the lease, either directly or by assignment. The lease was made for a term of 12 years, and was not recorded, and it is conceded, if important, that the plaintiff, vendor, had no knowledge of its provisions.

The machinery in question consisted of one mine locomotive, four electric coal-cutting machines, and one electric generator set, consisting of a Ridgeway engine and Jeffrey generator. On or about October 2, 1911, and about 3 months after the delivery of the machinery, Orr, the lessee, abandoned the property and the lessor re-entered and took possession. At the time of the re-entry the generator set had been

mounted, but had not been used, nor was any of the machinery delivered used until the defendant re-entered the property, prior to the issuance of the writ in detinue by the plaintiff. The defendant received royalties under the lease amounting to $3,244.11 from the lessee, and also collected the sum of $1,615.76 from the sale of the assets of the Mound City Coal Company in bankruptcy proceedings, making a total of $4,869.87, before the expiration of the first 6 months of the lease.

The stipulation of facts states that the lessee was entitled to a credit, entirely unexplained, of $2,230.34, but royalties amounting to $4,859.87 were admittedly paid during the first 6 months of the lease. The minimum provided to be paid each 6 months was $5,000. The machinery in question was never seized nor attached under any distress warrant or other legal process for the purpose of enforcing a landlord's lien, nor were any measures taken by the defendant for the assertion of any legal right, title, or interest in the property until after re-entry and the present suit was brought, nor was the property in dispute seized or removed by any officer of the law under process issued at the instance of any claimant. Quoting from the transcript of record, page 38, first paragraph:

"Mr. Carlile: It is stipulated that the defendant has not proceeded to enforce the lien by distress warrant.

"Mr. Hubbard: The defendant has never sued out a distress warrant on any of the property in controversy, nor taken legal steps to enforce its claim of a landlord's lien thereon except in this suit.

"Mr. Carlile: Nor has the property in dispute been seized or removed by any officer of the law under process issued at the instance of any third party or other party. That is one of the points where you might have a lien without issuing a distress warrant.

"Mr. Hubbard: Nor has the said property been seized or removed from the premises of the landlord defendant by any officer of the law acting under any process issued at the instance of any other claimant."

The conditional sale contracts referred to, under which the plaintiff claims the right to possession of the property and which were duly recorded, as stated, on the 19th day of August, 1911, and prior to the re-entry by the defendant, contain the following clause:

"The title and ownership of the property called for and furnished under the terms of this contract shall remain in the Jeffrey Manufacturing Company until the full and final payment therefor shall have been made according to the terms agreed upon, and notes, if any, shall have matured and been paid in full. In case of default in any of the payments above provided for, the Jeffrey Manufacturing Company may repossess itself of the within-mentioned property and all additions thereto wherever found, and shall not be liable in any action at law on the part of said Mound City Coal Company for such reclamation of its property, nor for the repayment of any money or moneys which may have been paid by said Mound City Coal Company, in part payment for said installation and equipment.

"It is further agreed by the parties hereto that any machinery or parts delivered pursuant to the terms of this contract shall not become a fixture by reason of being attached to real estate, but the same may be separated from the real estate and sold or reclaimed in the manner provided by the law governing conditional sales upon default in payment and without liability on the part of the Jeffrey Manufacturing Company or its agents for such sale or removal."

The machinery was on the premises belonging to the landlord at the time of its re-entry, but there was no assertion of title on the part of the landlord, and the latter has made no attempt to fasten a lien upon this property. It is admitted that the title of the property resides in the plaintiff.

The defendant claims right to the possession of the property which is the subject of this suit, and the plaintiff claims title and the right to possession under its recorded conditional sale contracts. It was stipulated at the trial of the case that, in the event the court found in favor of plaintiff, a money judgment should be entered in place of an order directing the return of the property and an assessment of damages for its detention, and a judgment for the sum of $8,726.85 was entered pursuant to the stipulation.

[1] The defendant seeks to have certain questions as respects this controversy reviewed by this court, but the assignments of error are not based upon bills of exception as required by our rules. However, the first assignment of error relates to the court's action in overruling defendant's demurrer to the plaintiff's declaration.

[2] It appears that the defendant pleaded to the declaration, went to trial, and submitted testimony, and did not, at the conclusion of the trial, renew the demurrer and ask for a verdict under all the evidence. The plaintiff insists that the course pursued by the defendant amounted to a waiver of the demurrer, and "there can be no valid assignment of error to the action of the District Court in overruling it originally." This position is untenable for the reason that this court has the power to pass upon the question as to whether the declaration states a cause of action. Therefore the ruling of the lower court in this respect will be treated as a plain unassigned error appearing on the record. Teal v. Walker, 111 U. S. 242, 4 Sup. Ct. 420, 28 L. Ed. 415; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373.

[3] It is insisted by defendant that the demurrer to the declaration should have been sustained upon the ground that plaintiff "fails to aver the right of possession in the plaintiff below." The declaration, among other things, contains the following language as to the possession of the property by the plaintiff, to wit:

"Still doth wrongly and unjustly detain the same from the said plaintiff, who is entitled to recover the same and have the present right of possession."

Among other things, the declaration contains the following allegation as respects this point:

"Plaintiff avers that on or about the ——— day of October, 1911, the said Mound City Coal Company, not having paid to plaintiff the said sum of two thousand ($2,000.00) dollars, the cash payment provided in said agreement of sale, and not having paid any consideration whatever for said machinery and property, or otherwise complied with any of the terms of said agreement of sale, and not having paid any or either of said notes, and having no right to the possession of said machinery and property under said agreement of sale, with intent to defraud plaintiff of the said machinery and property, and the consideration therefor, delivered the possession of said machinery and property to the defendant, Mound Coal Company, the said defendant having notice and participating in the fraudulent purpose of the said Mound City Coal Company; and the said defendant, Mound Coal Company, fails and re-

fuses to surrender the said machinery and property to the plaintiff, although the said plaintiff did, on the 11th day of October, 1911, request the said defendant to surrender and give up to the said plaintiff the machinery and property aforesaid, and the said defendant then refused to deliver said machinery and property, or any part thereof, to plaintiff, and still refuses so to do, although requested as aforesaid, to the damage of the plaintiff in the sum of ten thousand ($10,000.00) dollars."

Also the following:

"And not having paid any or either of said notes and having no right to the possession of said machinery and property under said agreements of sale, the said defendant Mound Coal Company, wrongfully and unlawfully entered into and took possession of said machinery and property without the consent of the said plaintiff, and fails and refuses to surrender the said machinery and property to the plaintiff, although said plaintiff did, on the 11th day of October, 1911, request the said defendant to surrender and give up to the said plaintiff the machinery and property aforesaid. * * * Yet the said defendant, well knowing the said last-mentioned machinery and materials and personal property, goods, and chattels to be the property of the said plaintiff, and of right to belong and appertain to it, hath not as yet delivered the said last-mentioned machinery and materials and personal property, goods, and chattels, or any or either of them, or any part thereof, to the said plaintiff, although it was afterwards, to wit, on the 11th day of October, 1911, requested by the said plaintiff so to do, but hath hitherto refused and still refuses so to do, and still doth wrongly and unjustly detain the same from the said plaintiff, who is entitled to recover the same, and has the present right of possession, to the damage of the said plaintiff in the sum of $10,000.00, and therefore it brings this suit."

These allegations are clear and unambiguous, and leave no doubt as to the idea intended to be conveyed thereby, to wit, that the defendant is in the unlawful possession of the property and unjustly detains the same from the plaintiff, and that plaintiff is entitled to recover the same by virtue of its right of possession.

[4] The next ground of demurrer is that it appears from the declaration that the voluntary delivery of the machinery to the Mound City Coal Company was made two months before the conditional sale contracts were recorded, and that such delivery was made without collecting any part of the purchase money; further, that the declaration "does not negative the lawful accrual to the plaintiff in error of the right of possession or the machinery between the time of such delivery and the time of demand made upon it." We think that the extracts which we have quoted sufficiently allege that the defendant had no right of possession. We have carefully considered the declaration in its entirety, and are of opinion that the complainant has stated a cause of action, and that therefore the court below was warranted in overruling the demurrer.

The other assignments of error relied upon by defendant cannot be considered, for the reason that in the first instance no exception was taken to any ruling of the court which is now sought to be reviewed, nor is there in the record any bill of exception as required by the rules of this court upon which to base such assignments of error.

[5, 6] Among other things it appears that, instead of taking exceptions to the rulings of the lower court during the trial of the case, and preparing bill of exceptions based thereon containing the testimony in narrative form, and presenting the same to the trial judge during

the term, counsel for defendant only submitted to the learned judge who heard the case in the court below a statement of what purported to be the evidence in narrative form, and moved the court for an order approving the same, and directing the clerk to use such evidence in lieu of the full testimony in preparing the record for transmission to this court. The court below refused to grant such motion.

Counsel for defendant now submits a motion to remand this case to the lower court, "with instructions to settle and include in the record for the purpose of the writ of error a properly condensed statement in narrative form of the evidence which was heard and considered upon the trial of the cause in the said District Court." The course pursued by counsel for defendant in the court below as respects this matter was not in compliance with the rules of this court, which, as we have stated, require (a) that an exception be taken to any ruling of the court which the party may seek to review; (b) that a bill of exception based thereon, containing the evidence in narrative form, be submitted to the trial judge before the expiration of the term. The record shows that these requirements have not been met by the plaintiff in error.

In the case of Scaife v. Western North Carolina Land Co., 87 Fed. 310, 30 C. C. A. 661, this court, in an opinion by the late Circuit Judge Simonton, said:

" * * * An exception must show that it was taken and reserved at the trial, and this must appear affirmatively on the record. But it may be drawn out in form, and signed or sealed afterwards by the judge. U. S. v. Carey, 110 U. S. 51, 3 Sup. Ct. 424 [28 L. Ed. 67]. Each bill of exception must be considered as presenting a substantial case, and it is the evidence stated in it alone on which the court will decide. Jones v. Buckell, 104 U. S. 554 [26 L. Ed. 841]. The bill of exceptions must be prepared and settled during the term at which the case was tried, unless there be an express order, made by the judge during the term, extending the time beyond the term, or full consent of parties, express or implied from stringent circumstances. Muller v. Ehlers, 91 U. S. 251 [23 L. Ed. 319]; U. S. v. Breitling, 20 How. 253 [15 L. Ed. 900]; U. S. v. Jones, 149 U. S. 262, 13 Sup. Ct. 840 [37 L. Ed. 726]; Railroad Co. v. McGee, 8 U. S. App. 86, 2 C. C. A. 81, 50 Fed. 906; Lumber Co. v. Chapman, 20 C. C. A. 503, 74 Fed. 444. A bill of exceptions ought to be upon some point of law, either in admitting or denying evidence, or a challenge on some matter of law arising on facts not denied, in which either party is overruled by the court. Ex parte Crane, 5 Pet. 190 [8 L. Ed. 92]. It should contain only the rulings of the court upon matters of law, with so much of the testimony as may be necessary to explain the bearing of the rulings upon the issues involved. Duncan v. The Francis Wright, 105 U. S. 381 [26 L. Ed. 1100]; Improvement Co. v. Frari, 8 U. S. App. 444, 7 C. C. A. 149, 58 Fed. 171. Every bill of exceptions should point out distinctly the errors of which complaint is made. It ought also to show the grounds relied upon to sustain the objection presented, so that it may appear that the court below was informed as to the point to be decided. Duncan v. The Francis Wright, supra."

No bill of exception can be allowed by the court below, nor entertained by this court, unless it appears from the record that an exception was taken to the ruling of the court below. Prioleau v. United States, 143 Fed. 320, 74 C. C. A. 458.

Also, in the case of Oxford & Coast Line Railroad Co. v. Union Bank, 153 Fed. 723, 82 C. C. A. 609, this court, among other things, said:

"While it is not the policy of the court to dismiss writs of error and cases on appeal on account of slight technicalities, at the same time the rules of this court, as well as the rules of the Circuit Court, are plain and easily understood. In this instance the provision of the statute relating to the question at issue is mandatory and must be enforced. It is incumbent upon attorneys who practice in the federal courts to observe and strictly follow the rules of practice and procedure in preparing and presenting bills of exceptions. In the case of Michigan Ins. Bank v. Eldred, 143 U. S. 298 [12 Sup. Ct. 450, 36 L. Ed. 162], the court, among other things, said: 'The duty of seasonably drawing up and tendering a bill of exceptions, stating distinctly the rulings complained of and the exceptions taken to them, belongs to the excepting party, and not to the court. The trial court has only to consider whether the bill tendered by the party is in due time, in legal form, and conformable to the truth; and the duty of the court of error is limited to determining the validity of exceptions duly tendered and allowed.' It is essential to the orderly procedure of the courts that attorneys should comply with the rules relating to the same; otherwise, it would be useless to promulgate rules for the guidance of those who may seek to review the action of the lower court."

Even if this case should be remanded and the evidence put in narrative form, it would not avail defendant, inasmuch as it has not complied with the rules of this court, to which we have referred, so as to enable it to have the rulings of the lower court reviewed on a writ of error.

For the reasons stated, the motion to remand this case is denied, and the judgment of the lower court is affirmed.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes