MOUND COAL CO. v. JEFFREY MFG. CO.

(Circuit Court of Appeals, Fourth Circuit.  December 22, 1916.)

No. 1369.

1. APPEAL AND ERROR ⊜⟹515(1)—HARMLESS ERROR.
    Plaintiff in error was not prejudiced by the lower court's refusal to incorporate in the record an epitomized statement of the testimony; the rule of court, requiring such evidence to be brought to the appellate court by bill of exceptions, precluding its consideration, and a complete transcript thereof being incorporated in the record.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2322; Dec. Dig. ⊜⟹515(1).]

2. APPEAL AND ERROR ⊜⟹544(1)—BILL OF EXCEPTIONS—NECESSITY.
    There being in the record an agreed statement of facts, which the court used as a basis of its judgment, a bill of exceptions to support an assignment to the rendering of judgment for a certain amount is not required.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2418–2420, 2422–2426; Dec. Dig. ⊜⟹544(1).]

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.
    On petition for rehearing.  Granted.
    For former opinion, see 233 Fed. 913, 147 C. C. A. 587.  See, also, 215 Fed. 222.

    Hubbard & Hubbard, of Wheeling, W. Va., for plaintiff in error.
    W. Wilson Carlile, of Columbus, Ohio (J. Coleman Simpson, of Moundsville, W. Va., and J. B. Sommerville, of Wheeling, W. Va., on the brief), for defendant in error.

    Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

    PRITCHARD, Circuit Judge.  This case was decided at the May term, 1916.  A petition for rehearing was presented June 17, 1916, in which it appears that plaintiff in error grouped the evidence in narrative form, but opposing counsel objected to the same; that the matter was then presented to the trial judge, who refused the request of plaintiff in error to incorporate the same as a part of the record. This question was presented to us in the first instance in the nature of a motion that the cause be remanded to the court below, with instructions to transmit to this court the proposed statement.  The motion was not accompanied by a copy of the proposed statement of evidence, so that we might determine as to whether it was material

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
    240 F.—9

to the issues involved in this controversy. The statement in question obviously contained only the oral testimony offered in the court below, for the reason that there was a stipulation as to most of the essential facts incorporated in the statement of facts by the court below, and an examination of the same shows that the rule invoked by plaintiff in error could have no application to a stipulation of this character, inasmuch as it is already in the briefest possible form.

[1] Counsel for plaintiff in error did not appear at the time the case was heard in this court. Therefore we have no means of knowing what the narrative statement contained. As we have stated, plaintiff in error offered oral testimony in the court below, and if it is now the purpose of counsel to have an epitomized statement of the same transmitted to this court, the rule of court which requires such evidence to be brought here by a bill of exceptions would preclude us from considering this particular evidence. It also appeared when this case was heard before that a complete transcript of the evidence was incorporated in the record. Under these circumstances we were of opinion that the plaintiff in error was not prejudiced by the ruling of the court below, and we still entertain the same views.

The petition for rehearing in this instance is based upon the motion at the former hearing to remand this cause, with instructions to the lower court to settle and determine the controversy between the parties as to the prepared statement to which we have referred. This motion, for the reasons stated, is denied. It is further based upon three assignments of error. We think that the second and third assignments of error are without merit. The fourth assignment is in the following language:

"The court erred in making its last-mentioned order sustaining the plaintiff's motion for judgment, and entering judgment against the defendant for the sum of $8,726.85, with interest from the said date and costs."

[2] A rehearing will be granted as respects the fourth assignment, inasmuch as we are of opinion upon further consideration that the plaintiff in error is entitled to be heard as to the merits of this assignment, for the reason that there appears in the record an agreed statement of facts which the court below used as a basis of its judgment, and therefore a bill of exceptions to support this assignment is not required.

Rehearing granted.