MOUND COAL CO. v. JEFFREY MFG. CO.

(Circuit Court of Appeals, Fourth Circuit. February 26, 1917.)

No. 1369.

LANDLORD AND TENANT ⊝248(1)—LIEN OF LANDLORD—PRIORITY—FAILURE TO RECORD LEASE.

A lease of a seller of machinery to a lessee under a conditional sale contract, recorded as required by Code W. Va. 1913, c. 74, § 3 (sec. 3831), is superior to the lien of the landlord for merchandise reserved in the lease, which contained a clause that the lessor should have a mortgage on the property placed on the premises, which lease was not recorded.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1003, 1005–1008, 1017.]

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

On rehearing. Original opinion, affirming the judgment of the court below, adhered to.

For original opinion, see 233 Fed. 913, 147 C. C. A. 587. See, also, 240 Fed. 129, —— C. C. A. ——; 215 Fed. 222.

Hubbard & Hubbard, of Wheeling, W. Va., for plaintiff in error.

W. Wilson Carlile, of Columbus, Ohio (J. C. Simpson, of Moundsville, W. Va., and J. B. Sommerville, of Wheeling, W. Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This case was heard and decided at the May term, 1916, of this court, and the opinion is to be found in 233 Fed. 913, 147 C. C. A. 587, wherein the judgment of the court below was affirmed. A petition for rehearing was filed on the 21st day of June, 1916, and a rehearing was granted as to the fourth assignment of error (240 Fed. 129, —— C. C. A. ——); the assignment in question being in the following language:

"The court erred in making its last-mentioned order sustaining the plaintiff's motion for judgment, and entering judgment against the defendant for the sum of $8,726.85, with interest from said date and cost."

The Mound Coal Company claims that a minimum royalty of $5,000 was due to it by the Mound City Coal Company when the property was abandoned by the Mound City Coal Company, and that it was entitled to enforce a landlord's lien for that sum, less a credit of $2,230.30, which had been paid by the lessee, and less $1,615.76 collected in bankruptcy proceedings. This contention is based on the ground that the Mound City Coal Company abandoned its contract at the expiration of six months, and therefore one-half of the minimum royalty of $10,-000 became automatically due. The Mound Coal Company, as landlord, acting under the impression that it was necessary to take a mortgage on the property placed on the premises to secure the payment of any royalties that might be due under the lease, inserted a clause in the same to that effect, but failed to have the lease recorded.

The plaintiff, the Jeffrey Manufacturing Company, had sold with reservation of title to the Mound City Coal Company certain machinery on the 16th day of June, 1911, and the conditional contracts for the

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sale of this property were recorded on the 19th day of August, 1911, in pursuance of chapter 74, section 3831, of the Code of West Virginia, which is in the following language:

"And if any sale be made of the goods and chattels, reserving the title until the same is paid for, or otherwise, and possession be delivered to the buyer, such reservation shall be void as to creditors of, and purchasers without notice from, such buyer, unless a notice of such reservation be recorded in the office of the clerk of the county court of the county where the property is."

The plaintiff having recorded its conditional contracts in pursuance of the provisions of the foregoing statute, it thereby gave notice of its ownership. When the landlord re-entered the premises, this machinery was found unattached on the soil of the leased property. The lease not having been recorded in pursuance of the laws of that state, the defendant acquired no lien on the same as against creditors and purchasers without notice. Therefore the only other remedy by which the landlord could have secured a lien on the property in question was by distraint under the landlord and tenant act of West Virginia, and having failed to avail itself of that remedy the lien of the plaintiff upon the property was entitled to priority over the claim of the landlord at the time these proceedings were instituted.

For the reasons stated we are clearly of opinion that the plaintiff's lien entitled it to the possession of the property in question. Therefore we adhere to our former opinion affirming the judgment of the lower court.