# Wytheville

## M. H. OMOHUNDRO V. HONORE PALMER AND POTTER PALMER, TRUSTEES.

June 16, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Allen G. Collins* and *James C. Page,* for the plaintiff in error.

*Leake & Spicer,* for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

The defendants in error have moved this court to dismiss the writ of error on the ground that certificates of exception were not filed in compliance with section 6253 (f) of the Code.

That section provides: "Any certificate to the intents and purposes of this section may be signed by the trial judge at any time before final judgment is entered or within sixty days from the time at which such judgment is entered, whether another term of the said court has intervened or not. The same rule shall apply when cases are heard or opinions are rendered in vacation, in which case the party excepting shall have sixty days from the day that such opinion is rendered. This section shall apply to criminal as well as civil cases. But before the judge shall sign any such certificate as mentioned above it shall appear in writing that the opposing party or his attorney of record shall have had reasonable notice of the time and place when such certificate shall be tendered and presented to the judge for his signature. And when the judge shall have signed any such certificate he·shall forthwith deliver the same to the clerk of the court in which the case was tried, or cause the same to be forthwith transmitted to such clerk."

At the December term, 1928, of the Circuit Court of Goochland county, Honore Palmer and Potter Palmer, non-resident executors and trustees of Bertha Honore Palmer, deceased, filed their notice of motion for judgment against Omohundro, to recover the principal sum of $6,000.00, due, as alleged, by reason of the execution of a written contract by Omohundro for the purchase of certain real estate situated in the State of Florida. When the case was called for trial Omohundro filed two special pleas, pursuant to the provisions of section 6145 of the Code, charging fraud in the procurement of the contract, and seeking the recovery of the sum of $12,000.00 by way of recoupment.

There was a trial by a jury, which resulted in a verdict in favor of the Palmers. Overruling the motion to set aside the verdict, the lower court, on November 19, 1930, entered judgment thereon. After due notice to opposing counsel, the certificates of exception were presented to the trial

judge in vacation on January 15, 1931. They were signed by the judge on that day at Louisa Court house, and delivered by him to counsel for Omohundro, for delivery to the clerk of Goochland county; but instead of being *forthwith* delivered to the clerk the record and certificates were retained by counsel and Omohundro himself, who is an attorney at law, until the 7th day of March, 1931, when they were filed with the clerk by Omohundro.

The pertinent paragraph of section 6253 (f), which we are called upon to construe, reads as follows: "And when the judge shall have signed any such certificate he *shall forthwith deliver the same to the clerk of the court in which the case was tried, or cause the same to be forthwith transmitted to such clerk.*" (Italics added.)

Bills of exceptions and certificates of exceptions were unknown to the common law and are purely of statutory origin. With us, the time for the signing of bills of exceptions or certificates of exceptions is fixed by statute and such act of signing is both mandatory and jurisdictional. *Bragg* v. *Justis*, 129 Va. 354, 106 S. E. 335. The requirement that the judge, after attaching his signature to the certificates of exceptions, "shall forthwith deliver the same to the clerk * * * or cause the same to be forthwith transmitted to such clerk," was first incorporated in the statute by an act of the General Assembly, enacted in 1924. The employment of the word "forthwith" twice in the statute evinces a clear legislative intent to eliminate the *ex parte* nature of such proceedings and to afford full protection to the interests of all parties to the litigation.

There is no precise definition, so far as time is concerned, of the word "forthwith." The term does not in all cases mean *instanter*, but it does have a relative meaning and has been construed by the courts to mean "within a reasonable time" (*Lucas* v. *Western Union Telegraph Co.*, 131 Iowa 669, 109 N. W. 191, 6 L. R. A. [N. S.] 1016); with

reasonable celerity or reasonable dispatch, depending upon the facts and circumstances of the particular case. *Walker* v. *City of Detroit*, 138 Mich. 538, 101 N. W. 809.

In *Haisten* v. *State*, 5 Ala. App. 56, 59 So. 361, the court, construing a criminal statute which required service of a copy of the indictment and jury list in capital felonies *forthwith*, held that the language was mandatory, and failure to make such service before February 21st, the day accused's case was set for trial, was fatal where the jury was drawn on the 19th and the order for service was made that day.

In *Seay* v. *Commonwealth*, 155 Va. 1087, 156 S. E. 574, 575, a similar statutory provision was involved. The accused was convicted on a criminal warrant by a justice of the peace on November 16th. He was granted an appeal and bailed to appear before the circuit court on December 17th. On the latter date he paid the fine assessed against him and the trial justice dismissed the warrant. Section 4989 of the Code of Virginia, which governed the right of appeal from conviction by the justice, provided that upon the taking of the appeal and bailing the defendant, "the justice *shall forthwith return and file* papers with the clerk * * * ." (Italics added.) In holding the dismissal of the warrant by the justice, thirty-one days after the conviction and appeal, to be *ultra vires* and void, because of lack of jurisdiction, this court said: "When the right of appeal is exercised at the time of the judgment, as was done in the case at bar, the defendant is entitled to bail. It then becomes the mandatory duty of the justice of the peace to forthwith return and file the warrant and all other papers with the clerk of the court having appellate jurisdiction of the case."

This court will take judicial notice of the fact that Louisa Court house is comparatively a short distance from Goochland county, and a period of twenty-four hours is ample time to traverse the distance. It is therefore manifest

that a delivery to the clerk of Goochland county of the certificates of exception on the fifty-first day after their receipt by counsel for Omohundro was not a forthwith delivery or a forthwith transmittal. The language of the statute is mandatory and a compliance therewith is required within a reasonable time, taking into consideration the facts and circumstances of the particular case.

It is argued that no harm has resulted to the defendants in error by reason of the action of plaintiff in error. The answer to the argument is that the promulgation of salutary rules of procedure by the General Assembly, or by this court, is essential to the proper conduct of litigation between man and man, and the courts will not permit the emasculation of such rules when to do so would possibly result in harm to a litigant.

"The course of procedure is established by law, and it is our duty to see that it is observed, until the legislature in its wisdom shall see fit to change that course of procedure by statute. It is not a question of expediency. It is a question of power * * *." *Virginia Development Co.* v. *Rich Patch Iron Co.*, 98 Va. 709, 37 S. E. 280, 283.

The clerk of the appropriate court is the proper custodian of the record, and a forthwith delivery to him (as indicated in this opinion), after due authentication by the judge, is such an essential guarantee of its accuracy as will confer upon this court jurisdiction of the subject matter.

There are times when it is a matter of regret that a case cannot be disposed of upon the merits. No such regret exists in regard to the case at bar. If the court could consider the case upon its merits, an examination of the record leads to the conclusion that it would have to be affirmed.

*Dismissed.*