REYNOLDS v. DORRANCE et al.

No. 4237.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

Virgil P. Randolph, Jr., of Richmond, Va. (Sinnott & May, of Richmond, Va., on the brief), for appellant.

J. Randolph Tucker, of Richmond, Va. (Bernard Mahon, of Bowling Green, Va., and Dave E. Satterfield, Jr., of Richmond, Va., on the brief), for appellees.

NORTHCOTT, Circuit Judge.

These are actions at law instituted by notices of motion for judgment brought by William Dorrance and Edward Strong, appellees, here referred to as the plaintiffs, in the circuit court of Caroline county, Va., on June 24, 1935, against John Franklin Reynolds, the appellant, here referred to as the defendant. The plaintiffs are residents of the state of New York and the defendant is a resident of the state of North Carolina. The object of the actions was to recover damages for personal injuries resulting to the plaintiffs from an automobile accident alleged to have occurred in said county of Caroline, Va., on June 29, 1934, on a road known as United States Highway No. 1.

Pursuant to section 2154 (70), subsection (i), of the Virginia Code 1936, which makes the Director of the Division of Motor Vehicles of Virginia statutory agent for nonresidents for service of process in actions against them growing out of automobile accidents occurring in Virginia, counsel for the plaintiffs left notices of motion for judgment at the office of the director on June 24, 1935, which notices were made returnable on August 12, 1935. Counsel for the plaintiffs had been given the wrong address of the defendant in North Carolina and, in turn, the director was given the defendant's wrong address. The following day, June 25, the notices, as required by section 2154 (70), subsec. (i), were sent to Salemburg, N.C., which was not the defendant's address. The notices were returned to the director, undelivered, on July 12th or 13th. On July 15, the director notified the plaintiffs' counsel of this fact, and on July 20 plaintiffs' counsel telephoned the director the defendant's correct address. New notices were sent that day by the director to the defendant at Clinton, N.C., where they were received by him on July 22, 1935.

The original notices of motion were sent by the director on or about June 25, to the clerk of the circuit court of Caroline county who received and filed them on June 26. At the same time, together with them, he also sent to the clerk of the circuit court of Caroline county his affidavits that copies of the notices of motion were sent by registered mail to the defendant at Salemburg, N.C.

On July 20, 1935, after the correct address of the defendant had been given the director, new affidavits were sent to the clerk of the circuit court of Caroline county stating that copies of the notices of motion had been sent to the defendant at Clinton, N.C.

On the return day of the notices the cases were removed by the defendant to the District Court of the United States for the Eastern District of Virginia, at Richmond. Pleas in abatement were filed on behalf of the defendant on September 14, 1935, and on March 23, 1936, and on July 8, 1936, motions to quash were also filed, on behalf of the defendant. On July 9, 1936, an order was entered by the judge below overruling the motions to quash and sustaining motions to strike the pleas in abatement.

On July 10, 1936, the judge entered an order overruling a motion to dismiss, made on behalf of the defendant. This motion does not appear in the record, but from a recital in the order entered by the judge it was evidently made on the ground that no claim was made in the notices of motion for judgment that the defendant was personally driving the automobile in question, at the time of the accident.

On August 4, 1936, pleas of the statute of limitations were filed on behalf of the defendant, which pleas were overruled by the judge below and a nunc pro tunc order to that effect was entered on July 19, 1937.

The actions were tried together before a jury in April, 1937, which jury returned a verdict for plaintiff, Edward Strong, in the amount of $3,000, and in favor of plaintiff, William Dorrance, in the amount of $4,000. The defendant moved to set aside the verdict. On June 28, 1937, the court below entered an order overruling this motion and giving judgments, with costs, for the plaintiffs in the amount fixed by the verdict. From this action this appeal was brought.

Two questions are presented on the appeal. First, whether the pleas of abatement and motions to quash were sufficient; and, second, whether the pleas of the statute of limitations were properly overruled.

The chief ground relied upon to show the sufficiency of the pleas and motions, as to all of which the same points were raised, was the fact that the notices of motion for judgment were not sent by the director to the defendant "forthwith" as required by the statute. Section 2154 (70), subsection (i), of the Virginia Code. The record shows that the notices were promptly mailed by the Director of the Division of Motor Vehicles to the defendant at a wrong address the day after they were filed, and when the error in the defendant's address was discovered and his right address ascertained they were again promptly mailed to him by the director. The notices were received by the defendant twenty-one days prior to the return day of the notices. The Virginia law requires only fifteen days' notice before the return day. Virginia Code § 6046.

The notices were served in a manner substantially complying with section 2154 (70) subsec. (i), and the fact that they were received in ample time for the defendant to appear on the return day and have the actions removed to the federal court shows that the defendant suffered no impairment of his legal right to appear and defend by the delay occasioned by the mailing in the first instance to the wrong address. Under all the circumstances the plaintiffs' counsel moved promptly and diligently, as did the director, in the service of the notices.

Services of notices of motion for judgment under the Virginia law was discussed by Judge Parker of this court in Eley v. Gamble, 4 Cir., 75 F.2d 171, 174, where he said: "More than 15 days before the return day, the attorney for defendant went to the deputy marshal and asked that he change the return to show delivery to the servant. Motion to dismiss was made on the ground that the notice of motion was not served upon defendant, but was denied on the ground that the notice had reached its destination within the time prescribed by law. This was clearly correct. The requirement of the statute is that notice of motion for judgment be served not less than 15 days before the date therein named upon which the motion will be made; and the fact that the attorney for defendant, more than 15 days before the return day, was requesting that the deputy marshal change his return, was sufficient proof that the notice had reached its destination within the time prescribed by law. Under the statute of Virginia, this was sufficient service. Code, § 6041. It is surprising, to say the least, that contention should be made to the contrary."

It was early settled in Virginia that "forthwith" means with "due diligence, under all the circumstances." Wooddy v. Old Dominion Fire Insurance Company, 31 Grat. 362, 31 Am.Rep. 732. In Omohundro v. Palmer, 158 Va. 693, 164 S.E. 541, 543 in discussing the meaning of the word "forthwith," the court said: "There is no precise definition, so far as time is concerned, of the word 'forthwith.' The term does not in all cases mean instanter, but it does have a relative meaning, and has been construed by the courts to mean 'within a reasonable time;' * * * with reasonable celerity or reasonable dispatch, depending upon the facts and circumstances of the particular case." See, also, Nachman v. Chatham-Phenix Bank, 161 Va. 576, 171 S.E. 676.

The authorities relied upon on behalf of the defendant to show that "forthwith" means "immediately" largely deal with insurance cases in which the necessity for immediate notice to the insurer is apparent. As was well said in the case of Yanago v. Aetna Life Insurance Company, 164 Va. 258, 178 S.E. 904, 906, "It is highly important that an opportunity should be given an insurer to investigate promptly any claim against it which arises out of an accident. More can usually be learned on the day of its occurrence than could be found out in an indefinite time after months had elapsed."

These conditions do not exist in the instant case, and the notices reached the defendant in ample time to comply with the statute and to allow him to appear on the return day of the notices. The delay in the service of the notices did not work to the

defendant's detriment. To hold that under these circumstances the notices were not sent "forthwith," within the proper interpretation of the statute, would be a subversion of justice.

It is contended on behalf of the defendant that the service of the notices of motion was defective because counsel who left the notices with the director filed no affidavit, but a careful reading of section 2154 (70), subsec. (i) does not show that such an affidavit is necessary. The director filed affidavits required by the statute in his return to the clerk of the circuit court of Caroline county. Service of the notices on the defendant was executed by the director and not by counsel for the plaintiffs.

It is also contended that the actions should have been dismissed on the motion to quash because the notices did not allege that the defendant was personally driving the motor vehicle at the time of the accident. The motion to quash does not appear in the record, nor does the record contain any bill of exceptions or any of the evidence given at the trial. It is impossible for us to pass upon the correctness of the ruling of the judge below on the motion to quash, as it is not properly raised on appeal. The procedure requisite to bringing before appellate courts alleged errors in rulings on motions by the trial court is well settled. As was said in Schneider v. Kessler, 3 Cir., 89 F.2d 1001:

"The ruling of the federal courts in this respect has been well settled, as follows:

" 'In the federal courts in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings on motions, oral or written, to strike out pleadings, as well as rulings on motions based on the evidence, or requests for instructions.' " (Citing numerous cases.)

In this circuit the same rule has been applied in the case of Mound Coal Company v. Jeffrey Mfg. Company, 4 Cir., 233 F. 913.

In view of the fact that this question is not properly raised, it is not necessary for us to pass on the question whether section 2154 (70), subsec. (i), authorizes an action against a nonresident who is not personally driving the motor vehicle involved in the accident. We cannot tell from the record whether the defendant was present while the vehicle was being driven by his chauffeur or whether it was driven by an agent or employee in his absence. The inference, however, is inescapable that the trial court held that the defendant was "operating" the motor vehicle.

As to the second question of the pleas of the statute of limitations, the burden of proving the fact necessary to establishing the application of the statute is on the defendant. The statute makes the director the agent of the nonresident operator of a motor vehicle for the purposes of service. Service was had on the director on June 24, 1935. The accident was alleged to have occurred on June 29, 1934; the service was therefore completed within the one-year period fixed by the statute. The pleas of the statute of limitations were properly overruled.

No errors in the rulings of the trial judge are shown by the record, and the judgments of the court below are accordingly affirmed.

Affirmed.