## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Herbert E. Potter

May 27, 1988

Case No. (Law) 82872

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on an Order to Show Cause entered on January 28, 1988. By that order, the defendant, Herbert E. Potter, was directed to appear and be heard as to why he should not be adjudged an habitual offender and be barred from operating a motor vehicle on the Commonwealth's highways for a period of ten years. The order was issued upon the Commonwealth's filing of an information pursuant to § 46.1-387.4 of the Virginia Habitual Offender Act (Act) Va. Code §§ 46.1-387.1 to 46.1-387.12 (Repl. Vol. 1986 & Supp. 1987).

The issue presented for decision is whether the Commonwealth, in filing its information, complied with the "forthwith" provision of § 46.1-387.4. That provision specifies in pertinent part that "[t]he attorney for the Commonwealth, upon receiving the . . . transcripts or abstracts from the Commissioner [of the Department of Motor Vehicles (DMV), as required by § 46.1-387.3], *shall forthwith* file information against the person named therein in the court of record having jurisdiction." Va. Code Section 46.1-387.4 (emphasis and brackets added). Defendant relies on the underscored language. He contends that the Commonwealth, by filing its information more than eleven months after receiving the transcripts and abstracts from the DMV, failed to comply with its statutory mandate and thus should be barred from pursuing this matter any further.

The Assistant Commonwealth's Attorney complains that there are hundreds of persons at a time referred to her office by DMV pursuant to § 46.1-387.3. She further complains and argues that the large volume, coupled with her office's heavy case load, makes it impossible for the office to process the informations more quickly. This Court is not an apologist for the Commonwealth's Attorney's case load. If there is a problem in the Commonwealth's Attorney's Office, the problem should be addressed and remedied. The Court does, however, have a responsibility to the public, as well as a responsibility to see that the defendant is treated fairly and the law obeyed. In this *civil* proceeding, the Court will balance the interests of the defendant against the interests of the public. The Court will not, at this time, rule in a manner which could result in a large number of dangerous drivers being free to drive in the County.

Although the word "forthwith" generally connotes immediacy, in legal parlance and under Virginia law, it has no clear and precise meaning. Our Supreme Court, however, has concluded that, in the criminal context, "forthwith" means "with reasonable promptness and without unnecessary delay." *Winston v. Commonwealth*, 188 Va. 386, 394 (1948). Although habitual offender proceedings are civil and not criminal in nature, *Shope v. Commonwealth*, 228 Va. 203 (1984), the *Winston* definition is substantially, if not exactly, the same as that which applies in the civil context. *See Omohundro v. Palmer*, 158 Va. 693 (1932). Indeed, the *Winston* definition was recently used as a guide to find that a lapse of eight days between the receipt of DMV materials and the filing of an information did not violate the "forthwith" requirement of § 46.1-387.4. *Bouldin v. Commonwealth*, 4 Va. App. 166, 171 (1987).

In the case at bar, this Court is also guided by *Winston* but recognizes that, in the civil context, "forthwith" is a relative term, the meaning of which depends upon the facts and circumstances of each case. *Omohundro*, 158 Va. at 696-97. Moreover, in order to determine the meaning of the term under the present circumstances, the Court must refer to the stated legislative policies and objectives underlying the Act.

The Court finds that, under the circumstances of this case, the Commonwealth sufficiently complied with

its obligation to file an information as contemplated by § 46.1-387.4. The Virginia Habitual Offender Act is designed, not to punish the alleged habitual offender, but to protect the public by removing from the highways a dangerous driver who has exhibited an apparent disregard and indifference for the safety of others. Va. Code Section 46.1-387.1(1) (Repl. Vol. 1986); *Bouldin*, 4 Va. App. at 171 (quoting *Huffman v. Commonwealth*, 210 Va. 530, 532 (1970)). Although the Act describes a procedure by which the Commonwealth may achieve this objective, the legislation was not enacted as a procedural measure. The danger sought to be avoided was the unrestrained and continued use of the Commonwealth's highways by habitual offenders. While the "forthwith" provision might preclude lengthy delays in commencing habitual offender proceedings, its benefit to the defendant is merely incidental; the prompt and expeditious removal of dangerous drivers was its plain goal. Therefore, since the Act is public safety, not pro-cedural, legislation, Defendant cannot be heard to complain about the Commonwealth's delay in filing an information, for he is not a member of the class for whose benefit the legislation was enacted. *See Williamson v. The Old Brogue, Inc.*, 232 Va. 350 (1986).

Consequently, the Court finds that, since the Act was designed to protect the public and since no harm has come to Defendant as a result of the Commonwealth's delay, the delay on the part of the Commonwealth's Attorney in the instant case does not at this time violate Section 46.1-387.4.