# Mobley v. The State.

## *Appeal from County Court.*

1. *Appeal from county court; when should not be dismissed.* — An appeal taken from the county to the circuit court cannot be dismissed, because the county court had adjourned for term, when the appeal was sued out.

APPEAL from Circuit Court of Wilcox.
Tried before Hon. JOHN K. HENRY.
The opinion states the facts.

JOS. HENDERSON, for appellant.

JOHN W. A. SANFORD, Att'y Gen., *contra.*

MANNING, J.—Appellant was tried in two cases, in the county court of Wilcox county, for assault and battery ; and judgments having been rendered against him, he, five days afterwards, appealed to the circuit court. The county court had adjourned when the appeals were taken ; and for this cause, the cases were, on motion of the county solicitor, dismissed by the circuit court without trial. The judgments of dismissal are here assigned as errors.

Section 4054 of the Revised Code provides, that "in cases of conviction in the county court, the defendant shall have the right of appeal to the circuit, or city court of the county, on entering into bond," &c. ; " the bond to be in such penalty as the judge of the county court may prescribe, and to be approved by him."

The judge of the county court is clerk also of that court— and is a permanent officer of the county.

The appeal is obtained upon entering into a bond, in such a penalty as the *judge* of the county court may prescribe and to be approved by *him.* There is nothing in the statute to

[S. & N. A. R. R. Co. v. Hagood.]

show that the appeal must be sued out while the court is in session ; and we know of no reason for holding that it must be.

The usual course in taking an appeal from a circuit to this court, either in any civil cause, or in a criminal cause, when no question is expressly reserved during the trial, for revision here, is by an application to the clerk of the circuit court, who certifies that an appeal has been sued out; and this is usually done after the adjournment of that court. See as to limitation in respect to the time when an appeal must be taken, if the time is not prescribed by the statute, the rule in the analagous cases of *certiorari*, *Mason* v. *Moore*, 12 Ala. 578; *Enis* v. *Ross*, 19 Ala. 239. It was error in the circuit court to dismiss the appeals taken to it in these causes, for the reason only that they were sued out after the adjournment of the county court.

The judgments are reversed and the causes remanded.