[No. 1416.  Decided July 9, 1894.]

THE STATE OF WASHINGTON, *on the relation of Curtis Egbert et al.*, v. THE SUPERIOR COURT OF KING COUNTY AND T. J. HUMES, *one of the Judges thereof.*

JUSTICES OF THE PEACE — JURISDICTION — AMOUNT IN CONTROVERSY — APPEAL — EFFECT OF WANT OF JURISDICTION IN LOWER COURT.

A justice of the peace has no jurisdiction of an action for the recovery of a sum due, and interest thereon, arising out of a contract for the payment of money, when the total amount of the claim is brought in excess of the sum of one hundred dollars, by the addition of the interest thereon.

Where a justice of the peace has no jurisdiction of the subject matter of an action brought before him, the superior court cannot acquire jurisdiction thereof by appeal from the justice.

(DUNBAR, C. J., dissents on the ground that the supreme court has no jurisdiction.)

*Original Application for Certiorari.*

*T. A. Gamble,* for relator.

*I. E. Moses,* for respondent.

The opinion of the court was delivered by

HOYT, J.—A complaint was filed in a justice's court against one of the relators, to recover, on a contract for the payment of money only, the sum of $91 and interest thereon from such a date that the principal and interest amounted to the sum of $109, in which sum judgment was prayed.    Upon default of defendant judgment in that amount was rendered against him.    From such judgment he took an appeal to the superior court, and the other relators joined with him as sureties in the bond given upon such appeal.    The superior court, having dismissed the appeal, made an order affirming the judgment of the justice's court, and rendered a judgment in the superior court

against the principal and sureties in the appeal bond for
the amount thereof, with costs, and is now proceeding to
enforce the collection of said judgment against said prin-
cipal and sureties.   Relators have filed their petition in
this court setting out these, among other, facts, and pray-
ing a writ of certiorari to be directed to said superior court
and to Thomas J. Humes, the judge in whose department
the proceedings were had, to the end that the record may
be certified here, and the action of the court reviewed.
Such writ will not be awarded if the superior court was
proceeding within its jurisdiction, and the question whether
or not these facts show that such a court had not jurisdic-
tion is the one which we are called upon to consider upon
this application.

It is claimed on the part of the relators that said court
had not jurisdiction, for two principal reasons: *First*, That
the justice's court had no jurisdiction, and for that reason
the superior court could get no jurisdiction on appeal;
and, *second*, that if the superior court did get jurisdiction
of the subject matter upon appeal it had no jurisdiction to
render a judgment upon the bond without having first
brought the sureties before it on proper notice.

As to the first contention the rule is well settled that if
the court from which an appeal is taken had no jurisdic-
tion of the subject matter, and for that reason its judgment
was absolutely void, the appellate court by virtue of the
appeal can get no jurisdiction to do more than to reverse
the judgment, or dismiss the appeal.   This rule is so well
established that it is not necessary to cite authorities or
make argument in support thereof.   Did the justice's
court have jurisdiction of the subject matter upon the com-
plaint filed, which was the foundation of the judgment
from which the appeal was taken?   This question must be
decided upon the construction to be placed upon such com-
plaint.   It is claimed upon the part of the relators that

the cause of action stated in the complaint arose upon a
contract for the recovery of money only, and that the sum
claimed was more than one hundred dollars.   On the other
side it is contended that since the principal sum was less
than one hundred dollars, and it was brought above that
amount only by the claim for interest thereon, that for the
purposes of the statute giving jurisdiction to justice's
courts the sum claimed was less than one hundred dollars.
It is not contended but that if the sum claimed was for
more than one hundred dollars within the meaning of such
statute, the justice's court got no jurisdiction of the sub-
ject matter by reason of the filing of such complaint.

In our opinion the claim for interest due upon the prin-
cipal sum is as much a part of the sum claimed as is the
principal itself.   The interest, while not technically a part
of the contract, is so connected with it that when the claim
is made therefor in a complaint it forms a part of the
claim arising upon the contract.   The claim, interest and
all, is upon a contract for the recovery of money, a part of
it is upon the contract which gave rise to the principal in-
debtedness, and the remainder is upon a contract, express
or implied, for interest thereon.   The statute upon the
subject intended that justices of the peace should have
jurisdiction in all matters of contract where the entire
amount claimed by the plaintiff did not exceed the sum
of one hundred dollars, and it is nowhere made to appear
therefrom that when a part of such claim is for interest it
could exceed such amount.   In our opinion, then, the jus-
tice's court had no jurisdiction of the subject matter.

The other contention made by the relators presents a
somewhat more difficult question.   In regard thereto we
only now desire to say that no provision of the statute or
condition of the bond on appeal from the justice's court
has been called to our attention which would warrant the
court in summarily rendering judgment against the sure-

ties in the appeal bond without their having had their day in court.

The writ prayed for will be awarded.

SCOTT, STILES and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I concur in the opinion of the court on the propositions therein argued, but there was another question raised in this case, viz., that the amount involved in the suit being under two hundred dollars this court has no jurisdiction of the cause on appeal, or otherwise. This question, while directly raised, is not referred to in the majority opinion, probably for the reason that it has heretofore been decided by this court adversely to the contention of the respondent; but I am still unable to see how, under any construction of the constitution, the supreme court can assume jurisdiction in this kind of a case.

.Sec. 4, art. 4 of the constitution provides that the appellate jurisdiction of the supreme court shall not extend to civil actions at law for the recovery of money, or personal property, when the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, etc., and this case, being a plain action for the recovery of money, does not fall within any of the exceptions. Following this restriction of the appellate power of the supreme court, and in the same section, it is provided that the supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. I think that all these provisions must be construed with reference to the provisions concerning the appellate jurisdiction of the court, and that the limit imposed upon the appellate jurisdiction was intended to be absolute.

It cannot be contended for a moment that this writ is made by virtue of the appellate jurisdiction of the court, for the appellate jurisdiction does not attach in this kind of a case by reason of the limitation imposed by the constitution above referred to.    Neither can it attach by reason of the force of the provisions granting revisory jurisdiction, for there is nothing revisory in the action of this court in this kind of a proceeding.    Webster defines ''revisory'' as having the power or purpose of revision, and ''revision'' as the act of reëxamination to correct, review, alter or amend. The central idea of revision is a work upon something already in hand, and in a legal sense to correct or revise where the jurisdiction had already obtained, and the court desired to correct its own rulings, orders or judgments.    If the constitution had granted this jurisdiction for the purpose of carrying into effect the *supervisory* powers of the supreme court, there could be no question but that this court would assume jurisdiction in such cases, for supervising means to oversee, or direct, to superintend the work of some one else; having so far as person is concerned exactly the opposite meaning of revising.

This court, then, cannot assume jurisdiction in a case of this kind without by judicial construction importing into the constitution the word ''supervisory'' after the word ''revisory.''    This importation is not at all necessary for the administration of justice, and in my judgment is directly opposed to the will of the makers of the fundamental law. The idea of the constitution is that the superior courts can be relied upon to absolutely and finally determine cases involving less than two hundred dollars, and the construction given by the majority to the constitution simply allows a litigant by indirect methods to obtain a benefit by certiorari he could not obtain by a direct appeal.    It seems to me that the assumption of jurisdiction in this kind of cases by this court is a usurpation of the constitu-

tional jurisdiction of the superior courts, which is not only unwarranted but absolutely forbidden by the fundamental law.    The writ should, therefore, be refused.