THE CITY OF HOLTON v. JAMES STANLEY.
#### No. 535.

JURISDICTION—*appeal perfected, police judge has lost.* After an appeal has been perfected by the defendant from a judgment of conviction by a police judge in a city of the second class, for a misdemeanor under an ordinance of the city, the police court has no longer any jurisdiction of the case, and an order made by it thereafter, dismissing such appeal, is without jurisdiction and is void.

Appeal from Jackson District Court. Hon. Louis A. Myers, Judge. Opinion filed July 16, 1897. *Reversed.*

*Sidney Hayden*, for appellee.
*Crane & Woodburn*, for appellant.

104    CITY OF HOLTON v. STANLEY.

N. Dept.          Opinion.   McElroy, J.    .        6 Kan. App.

MAHAN, P. J.   This is an appeal from an order of the District Court of Jackson County dismissing an appeal of the defendant from a judgment upon a conviction before the police judge of the City of Holton, for a misdemeanor under an ordinance of that City. The appeal from the police court was properly taken and perfected as required by the statute in such cases. Subsequently, the parties appeared before the police judge and consented to an order dismissing the appeal, whereupon a commitment was issued by the police judge and the defendant committed to the city jail. The defendant filed another appeal bond and the case was thereupon duly certified to the District Court.

The trial in the police court was had on the twenty-third of January, and a judgment pronounced.  At the same time there was a motion filed in arrest of judgment, which was continued from time to time until the twenty-fifth of January, when the motion in arrest of judgment was denied and the prior judgment of the police judge affirmed.

The first appeal bond was filed within the time prescribed by the statute, assuming that the judgment was entered on the twenty-third of January.   The last appeal bond, however, was not filed until more than ten days had expired from the twenty-third of January, but within ten days after the twenty-fifth.   The District Court dismissed the appeal on the motion of the City.

After the filing of the first appeal bond, the police judge had no longer any jurisdiction of the case, nor could the parties confer jurisdiction upon the police judge by consent.   The order dismissing the appeal could be made only by the District Court, to which the case had gone by the appeal.   The attempted or-

der of the police judge dismissing the defendant's appeal was without jurisdiction and void. The second bond was useless and nugatory. The District Court erred in dismissing the appeal.

The judgment is reversed, and the case remanded to the District Court with direction to proceed with a new trial of said cause.