## Richmond.

## EX PARTE HAZEL SMITH.

November 14, 1918.

1. INFANTS—*Commitment*—*Acts of 1914, Page 696.*—By reason of the definition of the words "delinquent child" contained in the statute (Acts 1914, p. 696, sec. 1, at p. 697), a charge of being a "delinquent child not suitable to be placed on probation," embraces either a charge of a criminal offense, or of such an offense as concerned the public welfare in such a way that the act is constitutional in its provisions in section 8 thereof. Accordingly an order of a police justice committing an infant to the custody of the Virginia Home and Industrial School for Girls is valid where it appears that it was entered when the petitioner was personally in custody, and on her being brought before the police justice for trial upon the charge under oath.

2. INFANTS—*Commitment*—*Acts of 1914, Page 696.*—The police justice having jurisdiction of the case, whether there was or was not a warrant containing the charge against the petitioner, or whether the charge descended sufficiently into detail, to afford the latter due process of law, were all matters within the jurisdiction of the justice to determine, subject to proceedings on appeal as provided by statute, which are intended, among other things, to afford such due process when demanded by the accused.

3. INFANTS—*Commitment*—*Acts of 1914, Page 696*—*Conclusiveness of Order.*—The order of commitment in proceedings under Acts of 1914, c. 350, is conclusive of the fact, on *habeas corpus* proceedings, that the charge on which the child was committed was that stated in the order. Such order, being entered in a case of which the justice had jurisdiction, cannot be collaterally assailed. Hence, the sole remedy of petitioner in the premises is by appeal, as provided for in said statute.

4. HABEAS CORPUS—*Infants*—*Acts of 1914, Page 696.*—Upon *habeas corpus* proceedings to obtain the release of an infant committed as a delinquent child under Acts of 1914, p. 696, the fact that the child was tried and committed for fornication is immaterial, since such charge was embraced in the charge that petitioner was a "delinquent child." Moreover, if the order of commit-

ment erroneously stated that the charge aforesaid was that of being "a delinquent child" and was in fact that of fornicaton, a criminal offense, the justice had jurisdiction under the statute upon the trial of petitioner for such offense to have entered the order of commitment on finding the petitioner guilty of such charge.

5. INFANTS—*Commitment—Acts of 1914, Page 696—Conclusiveness of Order.*—After the expiration of the day on which an order of conviction and commitment as a delinquent child was entered, the justice no longer had jurisdiction of the case for any purpose, except that of the entry of an allowance of an appeal at any time within ten days from the date of the last named order. Acts 1914, sec. 8, at p. 700; Code of 1904, sec. 4107, and a subsequent order purporting to reopen the case and to discharge the child from custody was *ultra vires* and void.

Petition for writ of habeas corpus.

*Petition Dismissed.*

*R. W. Ivey,* for the petitioner.

*J. D. Hank, Jr., Assistant Attorney-General,* and *F. B. Richardson,* for the respondent.

PER CURIAM.

The Virginia Home and Industrial School for Girls relies upon an order of the police justice of the city of Petersburg, entered on May 22, 1918, committing to it the custody and control of the petitioner, Hazel Smith, to legalize such custody. It appears from the original order of commitment aforesaid that it was entered when the petitioner was personally in custody, on her being brought before said police justice for trial upon the charge upon the oath of one John T. Byers, of being a "delinquent child not suitable to be placed on probation," and that upon such trial such justice was of opinion that petitioner had not attained the age of seventeen years and was guilty of such charge;

whereupon, the said order of commitment was entered by such justice.

[1] By reason of the definition of the words "delinquent child" contained in the statute (Acts 1914, p. 696, sec. 1, at p. 697), such charge embraced either that of a criminal offense or of such an offense as concerned the public welfare in such a way that the said statute is constitutional in its provisions in section 8 thereof (Acts 1914, p. 700), which authorized the trial which was had as aforesaid, and the entry of the order aforesaid, without other initial proceedings. The said police justice, therefore, had jurisdiction of the case under the statute. *Mallory* v. *Va. Colony for the Feeble Minded,* 123 Va. 205.

[2] The police justice having jurisdiction of the case, whether there was or was not a warrant containing the charge against the petitioner, or whether the charge descended sufficiently into detail, to afford the latter due process of law, were all matters within the jurisdiction of the justice to determine, subject to proceedings on appeal as provided by statute, which are intended, among other things, to afford such due process when demanded by the accused.

[3, 4] Furthermore, we cannot enter into a consideration of the parol evidence in the case to the effect that the petitioner was in fact tried before the police justice on the charge of fornication. If that was a fact, it is immaterial to the *habeas corpus* proceeding before us, since such charge was embraced in the charge that petitioner was a "delinquent child." However, if the order of commitment erroneously stated that the charge aforesaid was that of being "a delinquent child" and was in fact that of fornication, a criminal offense, the justice had jurisdiction under the statute upon the trial of petitioner for such offense to have entered the order of commitment on finding the petitioner guilty of such charge. However, the order of commitment is conclusive in this proceeding of the fact that the charge

100

on which the petitioner was tried and committed to the custody drawn in question before us was as aforesaid and as is stated in the order of commitment. Such order, being entered in a case of which the justice had jurisdiction, cannot be collaterally assailed. Hence, the sole remedy of petitioner in the premises is by appeal, as provided for in said statute.

[5] The petitioner relies on an order of said police justice purporting to discharge her from custody, which was entered on June 2, 1918, according to the certificate of the justice and the certificate of the clerk of his court in evidence before us. If it were conceded that the parol evidence in the case is admissible to show, and that it does show, that such date is erroneous, and that such order was in fact entered on June 1, 1918, still it was entered on a day subsequent to that on which the order of commitment was entered. The latter was a final order, and the subsequent order of June 2nd, or of June 1st, purporting to reopen the case and to discharge the petitioner from custody was *ultra vires* and void, for the reason that after the expiration of the day on which the order of conviction and commitment was entered, the justice no longer had jurisdiction of the case for any purpose, except that of the entry of an allowance of an appeal at any time within ten days from the date of the last named order. Acts 1914, sec. 8, at p. 700; Code of Va., sec. 4107.

It is alleged in the petition that an appeal was taken by petitioner, by counsel, by application to the said justice within the said ten day period to note the allowance of the appeal as required by law. If this be the fact, the answer of the respondent in this case concedes that the appeal may still be prosecuted by the petitioner if she be so advised. At any rate, the petitioner has no remedy by *habeas corpus* proceedings before this court, and her petition must be dismissed.

*Dismissed.*