(124 So. 502)
**STATE v. McELROY.** (3 Div. 649.)

Court of Appeals of Alabama. Nov. 12, 1929.

302

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

Lamar Field, of Anniston, for appellee.

BRICKEN, P. J. This is a proceeding of habeas corpus, begun by petition of appellee, and submitted and tried in the court below upon an agreed statement of facts in substance as follows:

"(1) That John McElroy pleaded guilty and was duly convicted and sentenced for the crime of assault and battery in the county court of Cleburne county, Alabama, on the 28th day of June, 1929.

"(2) That it was adjudged by the said court that he pay a fine of $50, together with all costs of the court, and that he also be sentenced to 90 days' hard labor for said county as additional punishment.

"(3) That the said John McElroy failed to pay the fine and costs in said case, and that he was thereupon on the 28th day of June, 1929, sentenced to hard labor for the county for 20 days in lieu of the fine and 35 days' in lieu of the costs in said case, together with the additional punishment of 90 days at hard labor.

"(4) That on the 1st day of July, 1929, after the sentence referred to in paragraph 2 above, had been imposed, the said John McElroy, by his attorney, filed written notice of his appeal from the county court of Cleburne county to the circuit court of said county, said appeal being based on the judgment of conviction above referred to.

"(5) That on the 9th day of July, 1929, the said John McElroy, by his attorney, filed in the county court of Cleburne county a demand for a trial by jury of the cause hereinabove referred to.

"(6) That following said conviction in the county court of Cleburne county the said John McElroy was delivered to the warden of Moffett State Farm under the judgment and sentence imposed by said court, and that he is now in custody of G. K. Fountain, warden of Moffett State Farm, under the sentence of 20 days for his fine, 35 days for the costs, and 90 days as additional punishment imposed by said court."

Upon said agreed statement of facts, after consideration by the court, the court rendered the following judgment, to wit:

"This cause coming on to be heard on the petition, and it being agreed by and between counsel for the petitioner and for the state that the facts are correctly set forth in the petition, and the same being considered and understood by the court, it is ordered and adjudged that the petition be and the same is hereby granted, and the petitioner is hereby remanded to the county jail of Cleburne county, Alabama. The state of Alabama gives notice of appeal to the Court of Appeals of Alabama, and judgment of this court is suspended pending the decision of the said Court of Appeals.

"This July 30, 1929.

"R. E. Adams, Judge of Probate."

The purported appeal, by the state, from the above-quoted judgment, cannot prevail. The statute (Acts 1927, p. 76), regulating procedure as to appeals in habeas corpus proceedings, gives the state the right of appeal on habeas corpus, where the person held in custody under a charge or conviction for crime, etc., *is discharged* from such custody only. Here the order of court did not *discharge petitioner from custody*, but remanded him to the county jail of Cleburne county, Alabama. It thus affirmatively appears that the state had no right of appeal from the order entered by the court as hereinabove set out. Acts 1927, p. 76.

There being no statutory right of appeal by the state in this case, the purported appeal will be here dismissed. It may be added, however, that, if the right of appeal by the state in this case did exist, such appeal, under the agreed statement of facts, would have been entirely without merit. Section 3837, Code 1923, expressly provides for an appeal by the defendant to the circuit court in all cases of conviction in the county court, and, if the defendant does not make an appeal bond, he shall remain in custody.

An appeal taken from the county court to the circuit court cannot be dismissed, over defendant's objection, because the county court had adjourned for the term when the appeal was sued out. In other words, there is nothing in the statute requiring that the appeal must be taken while the court is in session. Mobley v. State, 53 Ala. 646.

The defendant (petitioner) having exercised his statutory right of appeal to the circuit court from his conviction in the county court,, he thereby invested the circuit court of Cleburne county with jurisdiction of his case, and divested the county court and its officers from further jurisdiction therein. The delivery of this petitioner, by the county court officials of Cleburne county, to the warden of Moffett State Farm, under the judgment and sentence of said court, after an appeal had been taken, was without authority of law, was wrongful and erroneous, rendering meritorious his petition, presented to the judge of probate of Escambia county, Alabama. Said judge of probate properly so held.

Appeal by the state dismissed.