[No. 24729. Department One. December 22, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Ben A. Maslan, as Deputy Prosecuting Attorney for King County, Respondent*, v. CLARENCE W. PIERCE, *as Justice of the Peace, Appellant.*[1]

*H. E. Foster,* for appellant.

*Robert M. Burgunder* and *Ben A. Maslan,* for respondents.

MILLARD, J.—The petition of Ben A. Maslan, deputy prosecuting attorney for King county, to the superior court for King county, for a writ of prohibition to prevent Clarence W. Pierce, a justice of the peace

[1]Reported in 28 P. (2d) 109.

for Morningside precinct, King county, from holding the petitioner in contempt of court, was granted. The justice of the peace has appealed.

On or about 7:30 p. m., May 3, 1933, one Max Sidell was, by Clarence W. Pierce as justice of the peace for Morningside precinct, King county, adjudged guilty of violating the traffic law. The defendant was sentenced to pay a fine of fifteen dollars, or, in default thereof, to serve such sentence in the county jail at the rate of three dollars per day. Sidell immediately gave oral notice of appeal to the superior court, and his appeal bond was fixed by the justice of the peace at fifteen dollars in cash or a surety bond in the amount of twenty-five dollars.

The justice of the peace issued, and delivered to the sheriff, process entitled "Commitment upon Sentence." The commitment was received about midnight, in the absence of the sheriff, by the sheriff's deputies. On the advice of Ben A. Maslan, deputy prosecuting attorney for King county, the sheriff's deputies took Sidell into custody and duly booked and listed him as an inmate of the jail, placing in the records his weight, height and description in the same manner as is done in cases of all prisoners. Upon advice of Maslan, the sheriff paroled the prisoner to the custody of Maslan until he should post an appeal bond, which was furnished within two days thereafter.

Upon the affidavit of Constable E. L. Holmes charging the sheriff and Maslan with contempt of court

". . . by resistance and disobedience to a lawful order or process made and issued by the said Clarence W. Pierce while engaged as a Justice of the Peace in a judicial capacity,"

warrants were issued by the justice of the peace for the arrest of the sheriff and Maslan, who were ordered to show cause why they should not be convicted

of contempt. Upon Maslan's petition therefor, on the ground, among others, "that such contempt proceedings are without and in excess of the jurisdiction of said justice of the peace," the superior court for King county granted a writ of prohibition to prevent the justice of the peace from holding the petitioner in contempt of court.

Respondent contends that the appeal of Sidell divested the justice's court of jurisdiction; and that, if the release of the prisoner constituted contempt, it was contempt of the superior court, which alone has jurisdiction after the prisoner's appeal has divested the justice's court of jurisdiction.

■ If the appellant, as justice of the peace, did not have jurisdiction to punish the sheriff and/or deputy prosecuting attorney for contempt for the releasing of the prisoner on parole or on his own recognizance after the prisoner had been placed in the custody of the sheriff and duly listed as an inmate of the jail, the writ of prohibition should have been granted.

"As to the jurisdiction of the trial court to grant a writ of prohibition in case an inferior tribunal is without jurisdiction, that has been well settled in *State ex rel. Egbert v. Superior Court,* 9 Wash. 369; 37 Pac. 489; *State ex rel. Martin v. Superior Court,* 101 Wash. 81, 172 Pac. 257, 4 A. L. R. 572; *State ex rel. Maurer v. Superior Court,* 122 Wash. 555, 211 Pac. 764. Hence, if respondent had no jurisdiction as such police judge to punish for contempt, a writ of prohibition should have been granted. If he had such jurisdiction, it should be denied." *State ex rel. Dysart v. Cameron,* 140 Wash. 101, 248 Pac. 408, 54 A. L. R. 311.

■ After an appeal has been properly perfected by taking the steps required by the statute, the jurisdiction of the justice of the peace ceases, and that of

the appellate court attaches. The justice loses authority to thereafter take further action, except to certify the appeal. The appeal vacates the judgment of the justice of the peace, and the case stands as though brought in the appellate court in the first instance. 16 C. J. 376.

Sidell's oral notice of appeal at the time the judgment was rendered was in compliance with the statutory provision, reading as follows, and divested the justice's court of authority to take further action, except to certify the appeal as required by Rem. Rev. Stat., § 1921:

"Every person convicted before a justice of the peace of any offense may appeal from the judgment, within ten days thereafter, to the superior court. The appeal shall be taken by orally giving notice thereof at the time the judgment is rendered, or by serving a written notice thereof upon the justice at any time after the judgment, and within the time allowed for taking the appeal; when the notice is given orally, the justice shall enter the same in his docket." Rem. Rev. Stat., § 1919.

The remainder of the section reads as follows:

"The appellant shall be committed to the jail of the county until he shall recognize or give a bond to the state, in such reasonable sum with such sureties. as said justice may require, with condition to appear at the court appealed to, and there prosecute his appeal, and to abide the sentence of the court thereon, if not revised by a higher court." Rem. Rev. Stat., § 1919.

The bail bond which the justice may require of the defendant to assure his appearance for the trial *de novo* in the superior court is in no sense an appeal bond. A bond is not a prerequisite to the appeal. If the defendant chose, he could refuse to give a bail bond and remain in jail. He would not thereby be deprived of the right to prosecute his appeal.

Sidell's exercise of his statutory right of appeal to the superior court from his conviction in the justice's court invested the superior court with jurisdiction of the case and divested the justice's court of further jurisdiction thereof.

It follows that, if the releasing of the prisoner constituted contempt, it was, as respondent insists, contempt of the superior court, which alone has jurisdiction after the prisoner's appeal has divested the justice's court of jurisdiction. See *State v. Zounick,* 133 Wash. 638, 234 Pac. 659; *Seay v. Commonwealth,* 155 Va. 1087, 156 S. E. 574; *Lacey v. Hendricks,* 164 Ala. 280, 51 So. 157, 137 Am. St. 45; *Adkinson v. City of Andalusia,* 22 Ala. App. 131, 113 So. 469; *State v. McElroy,* 23 Ala. App. 301, 124 So. 502; *Ex parte Bathurst,* 94 Cal. App. 641, 271 Pac. 781; *City of Holton v. Stanley,* 6 Kan. App. 103, 49 Pac. 679.

"Where an appeal has been taken to a higher court, and such court obtains jurisdiction, all contempts committed thereafter relating to such proceeding are punishable by the latter court, . . ." 13 C. J. 54.

Affirmed.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.