[No. 1115-1.    Division One—Panel 2.    May 8, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL
DEAN COLLINS, *Appellant*.

*Ward & Anderson* and *John H. Anderson*, for appellant.

*Earl F. Angevine, Prosecuting Attorney*, and *Gilbert E. Mullen, Deputy*, for respondent.

SWANSON, J.—QUERY: Does the 1969 amendment to RCW 69.33.220 (13)[1] as interpreted in *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970),[2] apply in a revocation proceeding, held

---

[1]The 1969 amendment to RCW 69.33.220(13), Laws of 1969, 1st Ex. Ses., ch. 256, § 7(13), became effective August 11, 1969, and removed marijuana from the Uniform Narcotic Drug Act, RCW 69.33, and provided

That narcotic drugs shall not include cannabis and the provisions of this chapter shall not ever be applicable to any form of cannabis. This amendment was repealed by Laws of 1971, 1st Ex. Ses., ch. 308, RCW 69.50.606, which became effective May 21, 1971.

[2]The court, in *State v. Zornes, supra*, interpreted the 1969 amendment to RCW 69.33.220 as rendering the narcotic drug act (RCW

subsequent to the effective date of that amendment, to revoke a suspended sentence received for a conviction of possession of marijuana in violation of the Uniform Narcotic Drug Act, but entered prior to the effective date of the amendatory legislation? This is the primary question presented by this appeal.

Michael Dean Collins pleaded guilty to a charge of illegal possession of marijuana brought under the then applicable Uniform Narcotic Drug Act (RCW 69.33). He received a suspended sentence which was entered on March 31, 1969. About 3 years later, on April 21, 1971, Collins was arrested and taken into custody for a claimed violation of the terms of his suspended sentence—alleged possession of dangerous drugs. Defendant Collins filed a motion on April 28 in the Skagit County Superior Court asking for a reconsideration and vacation of the March 31, 1969, judgment and sentence. The state then petitioned to revoke Collins' suspended sentence for alleged violations. The trial court denied Collins' motion to vacate and continued the state's petition to revoke the suspended sentence pending the outcome of Collins' appeal.

Collins' motion to vacate the judgment entered against him in March, 1969, is based on the theory that the holding of *Zornes* interpreting the 1969 amendment to RCW 69.33.220 should be extended and made applicable to his conviction for a marijuana offense under the Uniform Narcotic Drug Act, notwithstanding that the judgment and sentence entered against him occurred prior to the effective date of the 1969 amendment. We disagree.

■ The problem presented by this appeal was carefully analyzed by the trial judge in his memorandum opinion which states in part:

By the amendment in the laws of 1969, the Washington State Legislature saw fit to remove cannabis (marijuana) from the definition of Narcotic Drugs in R.C.W. 69.33), inapplicable to any criminal offenses involving marijuana, whether the proceedings are at the prosecution stage or pending appeal, as of the effective date of Laws of 1969, 1st Ex. Ses., ch. 256, § 7(13).

69.33.220(13). Because of the unusual language used by the legislature in this amendment, the Washington State Supreme Court has interpreted that law to affect all pending cases in the prosecution stage or the appeal stage as of the effective date of the amendment.

As a result of this unique interpretation, at least fourteen cases in which defendants had been convicted under the Narcotic Drugs Act for a violation involving cannabis have been reviewed and the cases against them dismissed. [Citations omitted.]

It is important to notice that all of these cases were *pending* and were *in the prosecution stage or pending appeal* as of the effective date of the laws of 1969.

The present case was concluded by the entry of the Judgment and Sentence on March 31, 1969, by Judge Stafford. The appeal period has long since expired. The issue of the guilt or innocence of the defendant has been settled and the judgment rendered. It is in no way pending, or in the prosecution or appeal stage.

We are persuaded by this analysis. Any question as to the finality of a suspended sentence was laid to rest in *State v. Liliopoulos,* 165 Wash. 197, 5 P.2d 319 (1931), where the court said at page 210:

True, the suspension is the suspending of the execution of the sentence, but under our statute, unless the right is waived, the judgment is final and appealable.

Therefore, the fact that a sentence is suspended does not affect its finality. It is effective when entered, and terminates the prosecution.[3] As noted by the trial judge, in all of the cases in which the holding of *Zornes* has been applied resulting in a dismissal, the cases were either in the prosecution stage or pending appeal as of the effective date of Laws of 1969, 1st Ex. Ses., ch. 256, § 7(13).

■ Defendant Collins, nevertheless, argues that the spirit behind the 1969 legislation requires a modification of the definition of "pending case," to include anyone under the disability of a suspended sentence. Collins points to

---

[3]For an excellent discussion of the distinction between a "deferred sentence" and a "suspended sentence," see *State v. Davis,* 56 Wn.2d 729, 355 P.2d 344 (1960).

RCW 9.95.040 which was temporary legislation enacted in 1970 directing the Board of Prison Terms and Paroles to review the mandatory portion of the minimum sentence of each offender then incarcerated who was convicted of a crime relating to marijuana.[4] He argues that to limit "pending" to prosecution and appeal stages would be to invite defendants to delay these stages for as long as possible in the hope of taking advantage of possible liberalization of drug laws from session to session of the legislature. Collins asks this court to rescue him from remaining in an unfair position which he contends was not contemplated by the legislature, inasmuch as similar defendants, prosecuted under the Uniform Narcotic Drug Act whose cases were not finally disposed of at the time of the 1969 amendment, received the relief of a dismissal, and those who were sentenced to the Department of Institutions may have had their minimum terms reduced, whereas one such as defendant Collins, who is under the disability of a suspended sentence, is without any remedy or relief.[5]

The cause of defendant's dilemma is his own action. He alone is responsible for violating the terms of his suspended sentence which in turn caused the state to move for its revocation. We adopt the trial judge's response to defendant's argument:

This defendant by his own deliberate acts in violating the terms and conditions of this suspended sentence now seeks amnesty for the crime of which he is convicted. . . . Others who may be complying with the terms

[4]Our research indicates that RCW 9.95.040 was self-terminating 180 days after its effective date of February 20, 1970, and therefore it was no longer operative on April 28, 1971, when Collins filed his motion for reconsideration and vacation of judgment.

[5]Defendant Collins also contends that he is unconstitutionally "isolated" in the equal protection sense because of the difference in the disposition of his case involving a suspended sentence, and the cases of others whose cases were "pending" within the meaning of *Zornes,* or who were incarcerated during the period in which RCW 9.95.040 was in effect. In support of this contention, defendant cites *Truax v. Corrigan,* 257 U.S. 312, 66 L. Ed. 254, 42 S. Ct. 124 (1921), but this case is not helpful inasmuch as defendant has failed to show he is the victim of an unreasonable classification such as was condemned in *Truax.*

and conditions of the suspended sentence and in all respects abiding by the law remain under the stigma and penalty of a judgment and sentence suspended in the same manner as here.

Moreover, the court in *Zornes* limited the retroactivity of its interpretation of the 1969 amendment of RCW 69.33.220(13) to actions "pending or arising in the future." Before the effective date of the amendatory legislation, the defendant received a suspended sentence which, as we have indicated, is clearly a final judgment. Defendant essentially asks us to extend or modify the holding in *Zornes* to include final judgments. This we decline to do.

Judgment affirmed.

FARRIS, A.C.J., and JAMES, J., concur.