[No. 680-3.    Division Three.    October 20, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. ELIZABETH HOLLAND, *Relator*, JUDGE LAWRENCE LEAHY, *Respondent*.

*Robert T. Czeisler*, for relator.

*E. R. Whitmore, Jr., Prosecuting Attorney*, for respondent.

MUNSON, C.J.—This matter comes before the court after issuance of an order to show cause why a writ of prohibition should not issue. We deny the writ and remand the

matter to the superior court for correction of procedural defects.

On July 6, 1972, relator, Elizabeth Holland, was convicted, in a district court trial, of driving while under the influence of liquor. The court imposed a $250 fine and sentenced the relator to 5 days in jail, suspending $150 and 4 days, plus costs. Pursuant to RCW 10.10.010, an appeal bond in the amount of $100 was set. On July 7, 1972, relator filed a notice of appeal and posted bond in the amount set by the district court judge.

On July 10, 1972, the judge of the Superior Court of Chelan County wrote relator's local counsel stating the above facts and advising in that court there was a rule requiring a minimum bond of $1,000 in misdemeanor matters. The court also stated:

> Before the end of the week I would appreciate your taking care of this matter so that it will not be necessary to issue a bench warrant in connection with your client.

No action was taken on behalf of relator. On July 19, 1972, the court filed its own motion, accompanied by the judge's affidavit, stating, in part, no arrangements had been made to post the additional bail or to show why a lesser amount would not be satisfactory to assure relator's appearance in court. Thereupon the court entered an order for a bench warrant, directing the clerk to so issue a warrant for the arrest of relator, and requiring her to appear before that court "to provide surety in such amount as the Court shall then order to ensure her presence at the trial . . . .".

Relator, through new counsel, then petitioned this court for a writ of prohibition. This court entered an order to show cause and arguments were heard thereon. Inasmuch as both parties presented briefs and arguments on the merits, we shall proceed to discuss the merits of the issues submitted. Cf. *State ex. rel. Schloss, Ochs & Co. v. Superior Court*, 3 Wash. 696, 29 P. 202 (1892).

First, both parties seek clarification of RCW 10.10.010 which reads in part as follows:

> The appellant shall be committed to the jail of the county until he shall recognize or give a bond to the state, in such reasonable sum, with such sureties as said justice may require, with condition to appear at the court appealed to, and there prosecute his appeal, and to abide the sentence of the court thereon, *if not revised by a higher court.*

(Italics ours.) Without enumerating grammatical rules, we find the italicized phrase refers back to the phrase "sentence of the court thereon . . ." and does not refer back to the recognizance or bond required in that portion of the statute. This rationale is supported by Criminal Rule for Justice Court, 6.02 (a), which states in part:

> [A]nd will appear at the court appealed to and comply with any sentence of the superior court, . . .

Hence, while the superior court may revise a sentence imposed by the lower court, after a trial or guilty plea, it may not revise the amount of an appeal bond under the authority of RCW 10.10.010.

This is not to say, however, that the superior court, sitting as an appellate court, is without the inherent power to modify the amount of the bond.[1] Once the district court has properly performed its duties under prescribed appellate procedures, that court loses jurisdiction over the case. *State ex rel. Maslan v. Pierce,* 175 Wash. 676, 679-80, 28 P.2d 109 (1933); RCW 10.10.040; JCrR 6.01-.02. At this point, a superior court functions as an appellate court, not to review the matter heard below, but to hear the matter de novo. *State v. Miller,* 59 Wn.2d 27, 365 P.2d 612 (1961). In that capacity, the superior court, on its own motion, or on application by one of the parties, has the inherent power to

---

[1]The bond provided in RCW 10.10.010 is in fact a bail bond; it requires an appellant to agree to appear at the court in which the appeal is taken, to timely prosecute the appeal, as well as abide the sentence of the court. There is no requirement by statute or rule that an appellant post an additional bond. *State ex rel. Maslan v. Pierce, supra.*

adjust the amount of the appeal bond when circumstances indicate a necessity for such an adjustment.[2]

■ After notice, however, an opportunity for a bail modification hearing, wherein arguments for and against any adjustment in the amount of bail can be heard, must be presented to the nonmoving parties. Due process of law requires such an opportunity to be heard before the court proceeds to issue a bench warrant. In *Fuentes v. Shevin,* 407 U.S. 67, 80, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972) the court stated:

> For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified."

Admittedly, *Fuentes* involved property rights; but surely no less requirement must be had for a potential loss of personal liberty. *Cf. Lambert v. State,* 151 So. 2d 675 (Fla. 1963).

In the instant case it can be inferred that during the time specified for relator to produce the additional bail, the relator was afforded an opportunity to argue against such an increase. The phraseology used, however, lacks definiteness in that no date or time is set for a hearing either to justify the reason for the increase or to set forth the reasons in opposition thereto. Had such a date and time been specified, and relator not appeared, it would then have been proper for the court to issue its warrant. Because this opportunity was not made available to relator, the matter must be remanded for hearing, after notice, to establish the necessity for an adjustment in the amount of the bond.

■ Secondly, there are two other procedural defects for which the relator must bear a responsibility, which

---

[2]RCW 10.19.010 relating to bail and stating in part "may from time to time be increased or decreased as circumstances may justify" has been held applicable only to those instances where a person has been charged, but not convicted of a crime. *In re Berry,* 198 Wash. 317, 88 P.2d 427 (1939). Here, relator has been convicted, but execution on the judgment has been stayed by reason of JCrR 6.02.

prohibit the issuance of the requested writ. Once it became apparent to relator that the court was prepared to issue its bench warrant, it was incumbent upon her to petition that court for reduction of bail and seek a date and time to have the matter heard. From an order denying such motion or petition, relator could then seek a writ of prohibition. Relator did not follow this procedure, although the superior court alluded to such an avenue in its affidavit in support of its motion and in its order for bench warrant. Likewise, this court, in its order to show cause, alluded to the availability of such a procedure. Relator's failure to follow this procedure makes the issuance of a writ of prohibition premature. *Stack v. Boyle*, 342 U.S. 1, 96 L. Ed. 3, 72 S. Ct. 1 (1951).

The other procedural defect, while more technical, may have arisen because of the distance between the residence of the relator and the location of her counsel's office, and further occasioned by the short period of time in which to file a petition for an extraordinary writ. For clarification, however, it is necessary to point out that CAROA 57(d)(1) states in part: "The petition for a writ shall be verified by petitioner or his counsel . . .". The petition in the instant case is entitled "Affidavit of Relator" and relates statements by Elizabeth Holland. It is then signed, not by the relator but by her counsel, and is without verification.[3] Verification requires a swearing to the truthfulness of the document by the signor and the mere signature of counsel alone, as allowed by CR 11, is not in compliance with CAROA 57(d)(1). The recitation of the affidavit in the personal form of the relator, who did not sign that affidavit, again is not in proper form. Inasmuch as the affidavit was not challenged, and the facts stated therein were agreed to by counsel during argument, we did not raise the issue at

[3] Nothing in the record before this court evidences relator requested the services, or the addition or substitution, of present counsel's representation for that of trial counsel. Likewise, trial counsel has not indicated whether these services were in addition to his by way of joinder of counsel or by way of substitution of counsel.

that time. In the future, however, petitions and accompanying affidavits which are not in proper form may be returned to the petitioner without filing in this court.

This matter is remanded to the superior court. A hearing shall be held pursuant to notice to establish the reasons why the appeal bond now set at $100 should be increased to any amount and, assuming such showing is made, relator shall be prepared to show why such an increase is unnecessary. Upon the facts therein presented, the court shall determine whether an increase in the amount of the appeal bond is necessary. Said hearing shall be held prior to the issuance of any bench warrant; however, relator's failure to appear at such hearing may justify the issuance of such warrant.

The petition for writ of prohibition is denied.

GREEN and EDGERTON, JJ., concur.