[No. 2714–2.   Division Two.   June 12, 1978.]

The State of Washington, *Respondent*, v. Joseph B. Tarabochia, *Appellant*.

*Ed Putka* and *Roethler & McCulloch,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* and *Michael G. Spencer, Deputy,* for respondent.

PEARSON, C.J.—Defendant Joseph B. Tarabochia appeals from an order of the Superior Court denying his petition for a writ of certiorari to review a district court's order revoking probation previously granted with reference to two fishing violations.

Defendant was sentenced in district court on December 22, 1975, after being found guilty on two counts of selling game fish without a license or permit. He was fined $500 on each count and sentenced to serve 30 days in the county jail on each count, to run concurrently. Execution of the jail sentence was suspended for a period of 6 months on the condition that defendant not violate any game or fish laws in this state.

Defendant appealed the conviction to superior court and the district court set the appeal bond at $100. That sum was never deposited by defendant with either the district court or the Superior Court. The appeal was otherwise perfected, but was never brought to trial in the Superior Court.

On May 4, 1976, an order was entered by the Superior Court remanding the case to the district court "for imposition of original sentencing." The State informs us in its brief that this remand was upon the agreement of all parties involved that the fine on count 2 would be reduced to $250.

The record discloses that no resentencing ever took place, but defendant did pay a fine of $750 after a bench warrant was issued on September 9, 1976. On July 1, 1976, more than 6 months after the original sentencing, defendant

apparently again violated the fishing laws of this state. On October 20, 1976, the State filed a petition to revoke the suspended sentence, which petition was granted by the district court after hearing on November 29, 1976.

The issue on appeal is whether the district court had authority to revoke probation *after* the expiration of the probationary period. We hold that it did not have such authority to revoke probation and the Superior Court should have rectified the district court error.

JCrR 5.03(b) provides that upon a finding of guilty, sentence shall be determined and imposed by the court. This was done by the district court on December 22, 1975. A sentence which is suspended is effective when entered. *State v. Collins*, 6 Wn. App. 922, 496 P.2d 542 (1972).

The district court judgment was not stayed during the pendency of the appeal to the Superior Court, since no appeal bond was furnished. JCrR 6.02(a) provides that all sentences shall be stayed if an appeal is taken *and* defendant posts cash bail or bond in such sum as the lower court may require. JCrR 6.02(b) provides that if the appellant fails to provide the security, the sentence imposed *shall be executed.* Contrary to the State's argument, the district court does not lose jurisdiction to execute the sentence imposed because of the appeal to superior court *unless the appeal bond has been posted.* JCrR 6.02(b).

On the other hand, we do not accept defendant's contention that the failure to post the appeal bond renders the appeal subject to automatic dismissal. The only purpose in requiring a defendant to post cash bail or bail bond on appeal is to stay execution of the sentence and assure defendant's appearance at trial in superior court. JCrR 6.02(a). The security does not, however, constitute an appeal bond which must be furnished as a prerequisite to either obtaining or preserving review. *See State ex rel. Maslan v. Pierce*, 175 Wash. 676, 28 P.2d 109 (1933); *State v. Williams*, 127 Wash. 658, 221 P. 289 (1923). The only requirements for perfecting an appeal are set forth in JCrR

6.01(b) and (e), and defendant fulfilled those requirements in this case.

■ Because the security was not furnished by cash or appeal bond, the sentence of December 22, 1975, was fully operative during the pendency of the appeal in superior court and thereafter. The probationary period expired before the alleged violation of probation occurred. Accordingly, there was no factual basis for the revocation.

It is of no consequence that the appeal to superior court was dismissed under an informal agreement between the prosecutor and defense counsel that a recommendation to reduce the fine on count 2 would be made to the district court judge. There was, in fact, no agreement to modify the probationary period originally set and the sentence was not, in fact, modified by the district court with respect to such probationary provision.[1]

The Superior Court should have rectified the district court's error in revoking probation. *See Seattle v. Buerkman,* 67 Wn.2d 537, 408 P.2d 258 (1965). Accordingly, we reverse and vacate the district court's order of November 29, 1976, revoking probation and committing defendant to jail.

REED and SOULE, JJ., concur.

---

[1] The records of the district court do not reflect *any* modification of the sentence imposed on December 22, 1975.